ERVIN, Chief Judge.
Appellant, Bryant, appeals an order denying her motion to set aside a notice of voluntary dismissal, contending the court erred in concluding it was bound, by Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla.1978), to deny the requested relief. We disagree with Bryant’s contention and affirm.
Bryant filed a wrongful death action in 1981 against appellees Muldrow and Anderson. She later added, as defendants, appel-lees Sav-A-Stop and Jessco. On February 18, 1983, Bryant’s attorney, intent on dismissing Jessco only, filed a notice of voluntary dismissal, pursuant to Florida Rule of Civil Procedure 1.420(a)(l)(i), which states simply that Bryant “dismisses this cause of action without prejudice.” (e.s.) The obvious error was discovered in March, and Bryant immediately filed her motion for relief from the voluntary dismissal citing, as grounds therefor, mistake, inadvertence or excusable neglect. The trial court, finding it was constrained to follow Randle and this court’s opinion in Carolina Casualty Co. v. General Truck Equipment & Trailer Sales, Inc., 407 So.2d 1095 (Fla. 1st DCA 1982), applying Randle, denied relief.
*229 Randle holds that when an action is voluntarily dismissed pursuant to Florida Rule of Civil Procedure 1.420(a), “[t]he effect is to remove completely from the court’s consideration the power to enter an order, equivalent in all respects to a deprivation of ‘jurisdiction.’ ”. 360 So.2d at 69. This court has interpreted Randle to mean that Florida Rule of Civil Procedure 1.540(b), providing for relief from judgment, may not be used to relieve plaintiffs of tactical error in taking voluntary dismissals. Bryant, however, urges this court to apply the approach followed in Cooper v. Carroll, 239 So.2d 511 (Fla. 3d DCA 1970) where, as in this case, the attorney voluntarily dismissed the entire action instead of only as to one of multiple defendants. Bryant’s argument that the situation in Cooper and in this case presents an exception to Randle ignores the fact that the theory of continuing jurisdiction advanced by Cooper was expressly rejected by the Florida Supreme Court in Randle. 360 So.2d at 69 n. 7.
Because we, like the trial court, are bound to follow the Florida Supreme Court’s dictate in Randle, see Nolan v. Altman, 449 So.2d 898 (Fla. 1st DCA 1984), we AFFIRM the trial court’s denial of Bryant’s motion for relief from the voluntary dismissal. Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), however, we certify the following question to the Florida Supreme Court as being of great public importance:
WHETHER FLA.R.CIV.P. L540(b)(l) MAY BE USED TO AFFORD RELIEF TO A PARTY WHO, FOR REASONS OF MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT, TAKES A VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FLA.R.CIV.P. 1.420(a)(1)® AS TO AN ENTIRE CAUSE OF ACTION WHEN SUCH VOLUNTARY DISMISSAL WAS INTENDED TO DISMISS ONLY ONE OF MULTIPLE DEFENDANTS.
AFFIRMED.
BOOTH and ZEHMER, JJ., concur.