PETERSON, Judge.
Deborah Ann Albano appeals the dismissal of her post-judgment motion “for relief from judgment and to set aside final judgment.” We lack jurisdiction and dismiss the appeal.
The final judgment of dissolution of marriage was rendered on March 16, 1989. Neither party appealed from the judgment. On June 23, 1989, the former wife filed various post-judgment motions, including the motion for relief from judgment, the denial of which ultimately resulted in this appeal. The denial took the form of an order rendered March 8, 1990, which granted the former husband’s motion for summary judgment by dismissing the former wife’s motions for modification and “for relief from and to set aside” the final judgment. The former wife then moved for rehearing and to set aside the order granting summary judgment. On April 26,1990, the former wife moved for a final judgment[1] “consistent with the previous rulings announced by the court.” The court accommodated her by rendering a “Final Judgment” on June 5, 1990, that confirmed the prior actions of the court and that modified temporary visitation with the parties’ child. The former wife filed her notice of appeal within thirty days of the order of June 5, 1990.
We lack jurisdiction to consider this appeal since notice was not filed within thirty days of the order entered March 8, 1990, granting “summary judgment” to the former husband and dismissing the former wife’s motions. This post-judgment order was rendered pursuant to the former wife’s motion for relief from the final judgment of March 16, 1989. While the former wife did not cite the authority for her requested relief, in essence, it was a motion pursuant to rule 1.540, Florida Rules of Civil Procedure, and it was so treated by the parties and the court. Orders entered on rule 1.540 motions are reviewable within thirty days of rendition under rules 9.130(a)(5) and 9.130(b), Florida Rules of Appellate Procedure.
Although the March 8, 1990, order was characterized as one granting summary judgment and dismissing the motion for relief from judgment, what it did was to dispose of the 1.540 motion. See Onofrio v. Onofrio, 561 So.2d 1200 (Fla. 3d DCA 1990) (Order denying motion which requested summary judgment pursuant to rule 1.510, Florida Rules of Civil Procedure, was appealable because ground of motion was that final judgment was void, and therefore order denying motion was appeal-able non-final order entered on 1.540 motion.). Since the order in the instant case was one entered on a motion pursuant to rule 1.540, the motion for rehearing directed to the order did not stay the time for rendition. Catalano v. Catalano, 516 So.2d 77 (Fla. 5th DCA 1987). Since the *759 motion for rehearing did not stay rendition, the notice of appeal filed some three months later was untimely.
The order rendered June 5, 1990, entitled “Final Judgment” does nothing to extend the time of appeal from the order of March 8, 1990. We know of no authority that allows for successive orders reiterating the same holding on an issue. The later order cannot be construed as an amended judgment pursuant to rule 1.530(g), Florida Rules of Civil Procedure, because of its content and because no motion to amend had been filed with the court within ten days after the final judgment of March 16, 1989. The former wife’s motions to rehear and set aside the order of March 8, 1990, granting summary judgment and dismissing her motions did not stay the time to appeal that order since the rules of civil procedure authorize only rehearings of judgments. An order entered on a rule 1.540 motion does not rise to the level of a judgment. Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla.1986).
DISMISSED.
COWART and GOSHORN, JJ., concur.

. The former husband’s unusual choice of title, "Motion for Summary Judgment,” on his response to the former wife's post-judgment motions may have misled the former wife into believing the subsequent order granting the motion for summary judgment required a final judgment pursuant to Arcangeli v. Albertson’s, Inc., 550 So.2d 557 (Fla. 5th DCA 1989). The choice of title, no matter how misleading, cannot serve to bestow jurisdiction on this court any more than can a stipulation by counsel. International Studio Apartment Ass'n v. Sun Holiday Resorts, Inc., 375 So.2d 335 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1196 (Fla.1980).