HERSEY, Judge.
In a multiparty lawsuit, appellants, Michael and Catherine Davidson, reached a settlement with Gary Green, one of the defendants, and filed a Notice of Voluntary Dismissal. Subsequently, appellants filed a Corrected Notice of Voluntary Dismissal in order to indicate that the dismissal applied only to defendant Green and not to the other defendants (appellees herein). Thereafter, the court denied appellants’ Motion to Strike the original and substitute the corrected Notice of Dismissal, precipitating this appeal.
In an affidavit filed with a Motion for Rehearing of the order denying the Motion to Strike, appellants alleged that a secretarial error caused the omission of the limiting phrase “as to Gary Green, only” in the original Notice. We agree and reverse on the authority of Miller v. Fortune Insurance Co., 484 So.2d 1221 (Fla.1986), and its progeny.
It is clear from Miller that trial courts have the jurisdiction to correct only clerical, i.e., secretarial, substantive errors in cases such as the present one. Rule 1.540(b), Florida Rules of Civil Procedure, may not be employed for relief from an attorney's tactical errors or judgmental mistakes or in cases of attorney miscalculation. Miller, 484 So.2d at 1223-24. Appellants’ Motion to Strike did not indicate the cause of the alleged mistake; it simply stated that the first Voluntary Dismissal “was mistakeningly [sic] entered.” Nor was a supporting affidavit attached to the Motion from either appellants’ attorney or the attorney’s secretary indicating that this was purely a clerical error. Under these circumstances, the trial court did not abuse its discretion in denying appellants’ Motion to Strike.
On the other hand, the record reflects that attached to appellants’ Motion for Rehearing was an affidavit of appellants’ counsel stating that the first Notice of Voluntary Dismissal With Prejudice as to all Defendants was merely secretarial *689 error. Furthermore, this affidavit set forth two reasons supporting the premise that it was secretarial error: (1) the fact that appellants had entered into a settlement with Green only and not with the other defendants; and (2) the fact that there had been extensive litigation between appellants and the remaining defendants after the Green settlement and the filing of the first Notice of Dismissal. The record on appeal supports the second reason; although it does not reflect the settlement with Green, it also does not reflect a settlement between appellants and appellees.
While appellants’ Motion to Strike did not specify that secretarial error was the cause of the alleged mistake in the first Notice of Voluntary Dismissal, in view of the complete contents of the affidavit of appellants’ attorney attached to the Motion for Rehearing, we find that appellants have sufficiently demonstrated that the alleged error in the first Notice of Voluntary Dismissal With Prejudice was the result of secretarial error and was not due to a judgmental mistake or miscalculation on the part of their attorney.
Accordingly, we reverse and remand for further appropriate proceedings.
POLEN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.