678 So.2d 394 (1996)
LEE & SAKAHARA ASSOCIATES, AIA, INC., and Tsuchiyama & Kaino, Inc., f/u/b/o Design Professionals Insurance Co., Appellants/Cross-Appellees,
v.
BOYKIN MANAGEMENT COMPANY, Appellee/Cross Appellant,
Turner Construction Company, Inc., May Mechanical, Inc., South Florida Air Conditioning, Inc., Ardc Corporation, Formerly Arvida Corporation, a Dissolved Corporation and Center Hotel Limited Partnership, a/k/a Arvida/JMB Partners, Appellees.
No. 95-0703.
District Court of Appeal of Florida, Fourth District.
July 10, 1996.
Rehearing Denied September 12, 1996.
James T. Ferrara and Scott H. Michaud of Michaud, Buschmann, Fox, Ferrara & Mittelmark, P.A., Boca Raton, for appellants/cross-appellees.
Robert W. Thielhelm, Jr. and John W. Foster, Sr. of Baker & Hostetler, Orlando, for appellee/cross appellant.
PARIENTE, Judge.
This appeal involves the extent of a trial court's jurisdiction to grant relief pursuant to Florida Rule of Civil Procedure 1.540(b). Because plaintiffs demonstrated that the order dismissing the entire action was the product of mistake or inadvertence, and not a tactical decision or judgmental error, we reverse the trial court's order.
Following an arbitration award against plaintiffs for damages arising out of a mold *395 and mildew problem at the Radisson Suites Hotel, plaintiffs, who were the hotel's architect and mechanical engineer, filed suit seeking contribution from several entities. A default was entered against appellee Boykin Management Company (defendant Boykin), and the litigation continued against three other co-defendants, with whom plaintiffs subsequently settled. At a hearing where the settlement with the other co-defendants was announced, defendant Boykin, through its attorney, affirmatively represented to the trial court that there had been no settlement reached between the plaintiffs and Boykin.
In accordance with the settlement agreement, plaintiffs filed three separate joint stipulations and orders for voluntary dismissal with prejudice pertaining to each of the settling co-defendants. Each joint stipulation and order was in a single pleading, and each order was signed and entered by the trial court. While the second order specifically named the co-defendant being dismissed, the first and third orders merely stated that "this cause of action be and the same is hereby dismissed, with prejudice."
Defendant Boykin asserted that the effect of the first order was to dismiss the entire case. This contention caused plaintiffs to immediately file a motion to amend the first and third orders pursuant to Florida Rule of Civil Procedure 1.540(b). Although the trial court acknowledged that there was "no doubt" that plaintiffs never intended to dismiss defendant Boykin, the trial court denied their motion, assuming that it was powerless to rectify this mistake.
We disagree that the trial court lacked jurisdiction. Rule 1.540(b) confers jurisdiction on the trial court for precisely such a purpose. In Miller v. Fortune Insurance Co., 484 So.2d 1221, 1223 (Fla.1986), our supreme court held that rule 1.540 "gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances." Although ordinarily there would be no jurisdiction for a trial court to proceed once a notice of voluntary dismissal has been filed, our supreme court explained that "[i]n a proceeding on a rule 1.540 motion, the court's final determination of whether to grant relief will inherently include a ruling on jurisdiction." Id. at 1224.
Thus, the limited jurisdiction conferred on the courts by rule 1.540(b) to correct errors includes the power to correct errors after entry of a voluntary notice of dismissal. Our supreme court distinguished between judgmental errors by the plaintiff, which cannot be remedied, and "the kind of mistake, inadvertence, or excusable neglect contemplated by rule 1.540(b)." Id. at 1223. "[T]he courts will not relieve parties of their tactical mistakes." Id. (emphasis in original).
Here, the record is clear that the dismissal of defendant Boykin resulted from plaintiff's mistake or inadvertence. The record demonstrates affirmatively that defendant Boykin was not part of the settlement. There could be no tactical reason for dismissing defendant, which not only had a default entered against it, but was also the only defendant remaining in the case. The fact that the attorney and not a secretary made the error does not automatically convert the mistake into a tactical decision or judgmental error immune from review under rule 1.540(b). Under Miller, the trial court has limited jurisdiction to correct this kind of mistake. Cf. Harrison v. LaPlacida Community Ass'n, Inc., 665 So.2d 1138 (Fla. 4th DCA 1996).
The trial court was apparently persuaded by Bryant v. Muldrow, 446 So.2d 228 (Fla. 1st DCA 1984), that it lacked jurisdiction to grant relief, and defendant Boykin urges us to follow Bryant. In Bryant, the first district relied on our supreme court's holding in Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla.1978). The first district concluded that Florida Rule of Civil Procedure 1.540(b)(1) may not be used to afford relief to a party who, for reasons of mistake or inadvertence, takes a voluntary dismissal as to an entire cause of action where the dismissal was intended to dismiss only one of multiple defendants. The first district certified the question to the supreme court as being of great public importance.
Our supreme court never addressed the certified question. However, based on its reasoning in Miller and its clarification of Randle in Miller that it is tactical mistakes and judgmental errors which cannot be *396 remedied under rule 1.540(b), see 484 So.2d at 1223, we conclude that our supreme court would disapprove Bryant's holding.
We also consider defendant Boykin's cross-appeal. We agree that the complaint, which is the basis for the default entered against defendant, fails to state a cause of action for contribution. A default should be set aside where, as here, the complaint on its face fails to state a cause of action. See Becerra v. Equity Imports, Inc., 551 So.2d 486, 488 (Fla. 3d DCA 1989), and cases cited therein. This is because a "[f]ailure to state a cause of action, unlike formal or technical deficiencies, is a fatal pleading deficiency." Id. Plaintiffs may be able to amend their complaint to state a cause of action, but defaulted defendant Boykin will have to be served with any amended complaint and be provided with an opportunity to respond.
Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion.
KLEIN, J., and GENDEN, MICHAEL A., Associate Judge, concur.