681 So.2d 1170 (1996)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Sean ISOM and Judy Isom, his wife, Appellees.
No. 96-8.
District Court of Appeal of Florida, Fifth District.
September 20, 1996.
Rehearing Denied October 25, 1996.
*1171 Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, and Jane H. Clark and Thomas Kane of Kane, Williams, Singer, Planck, Donoghue and Clark, P.A., Orlando, for Appellant.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Orlando, for Appellees.
W. SHARP, Judge.
State Farm Mutual Automobile Insurance Company appeals from an order which set aside a final judgment dismissing the Isoms' lawsuit. The joint dismissal had been filed by State Farm pursuant to a settlement agreement between the parties. The Isoms later moved to set aside the dismissal, alleging that conditions of the settlement agreement had not been met. We affirm.
On November 15, 1991, Sean Isom was injured in an automobile collision by an underinsured motorist. In March 1994, the Isoms filed suit against State Farm, their insurance carrier, seeking uninsured/underinsured motorist coverage benefits. The parties proceeded to mediation.
On September 11, 1995, the parties entered into a settlement agreement, which provided:
1. In full and final settlement of all claims in the above styled action, the Defendant(s) shall pay the Plaintiff(s) the total sum of $39,500.00 within 10 days of the date of this agreement.
2. Upon receipt and bank clearance of the settlement proceeds, the above-styled action shall be dismissed with prejudice. (emphasis added).
On September 12, 1995, counsel for the Isoms sent State Farm's counsel a joint motion to dismiss and a final order of dismissal. On the following day, State Farm issued a check to Shands Hospital for $1,646.90 referencing their insured (Isom) and issued a check for $37,853.10 to the Isoms and their attorney. The final order of dismissal was signed by the trial court on September 25, 1995.
On October 24, 1995, the Isoms filed a motion, pursuant to Florida Rule of Civil Procedure 1.540, to set aside the final order of dismissal:
1.... A clerical mistake has occurred in that the Judgment was entered prior to the consummation of this case. In that regard, Plaintiffs have not signed the settlement check related to the underinsured motorist portion of this claim. Until such time as settlement proceeds have been disbursed, it is a mistake to enter a Judgment Dismissing the Claim with Prejudice.
In support of this motion, counsel for the Isoms submitted his affidavit:
1. I represent Sean L. Isom and was present, as Mr. Isom's attorney at the mediation conference held in the above-captioned matter on September 11, 1995.
2. At the mediation conference, all parties signed the attached document setting forth the agreement between the parties with respect to when a stipulation for dismissal would be submitted.
3. In reliance upon the Mediation Settlement Agreement, I forwarded to the defendant's attorney a stipulation agreeing to the dismissal of Mr. Isom's claim. I did so on the assumption that defendant's attorney would hold the stipulation and would not send the stipulation and order dismissing the *1172 case to the court before any settlement proceeds had cleared the bank.
4. No settlement proceeds in this case have cleared the bank.
On appeal, State Farm argues that the Isoms simply had a "change of heart" or got "cold feet" regarding the settlement and their refusal to deposit the settlement check is a voluntary act for which relief cannot be granted under rule 1.540. State Farm is correct that rule 1.540 does not provide relief for judgmental mistakes nor tactical errors of counsel nor from mistakes of law. This rule merely provides relief from judgments based on mistakes which result from oversight, neglect or accident. Curbelo v. Ullman, 571 So.2d 443 (Fla.1990); Harrison v. La Placida Community Association, Inc., 665 So.2d 1138 (Fla. 4th DCA 1996); Davidson v. Lenglen Condo Association, 602 So.2d 687 (Fla. 4th DCA 1992); Eastern Ceiling and Supply Corporation, Inc., v. Powerhouse Insulation, Inc., 589 So.2d 383 (Fla. 4th DCA 1991).
The mediation settlement agreement specifically provides that the action shall be dismissed with prejudice upon receipt and bank clearance of the settlement proceedings. Regardless of the Isoms' motivation for not depositing the check,[1] the fact remains that the settlement check has not been deposited and the funds have not cleared the bank. Since conditions of the settlement agreement have not been met (or there is at least a question as to whether the conditions have been met), filing of the dismissal order was by mistake or inadvertence.
Obviously there is some problem with the settlement. But the source of that problem is not evident from this record, although it may have been clear to the trial judge. State Farm's remedy is to move to enforce the settlement agreement, to flush out the identity of the problem. If the Isoms are merely seeking to get out of the settlement without good cause, an order dismissing the lawsuit could then be entered. However, at this time we cannot conclude that the trial court abused its discretion in granting relief from judgment. See Davidson v. Lenglen Condominium Ass'n., 602 So.2d 687 (Fla. 4th DCA 1992).
AFFIRMED.
THOMPSON, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, Judge, dissenting.
I respectfully dissent.
In my view, the lower court erroneously granted relief to the Isoms under Rule 1.540. The Isoms entered into a binding agreement whose terms are simple and clear. The Isoms plainly were not entitled to avoid dismissal of the lawsuit by the expedience of refusing to present the settlement check to the bank. The provision in the agreement requiring bank clearance was for their benefit to assure the Isoms received good funds. Contained in the provision "upon receipt and bank clearance of the settlement proceeds, the above-styled action will be dismissed with prejudice" is the Isoms' implied covenant that they will actually present the check to a bank for clearance within a reasonable time. By failing to present the check they, in my view, have waived their right to rely on bank clearance as a condition to dismissal of the lawsuit. Had the Isoms asserted that they had presented the check to the bank and the check had not been honored, it would have been proper to have set aside the dismissal, but this is not a case that involves mistake, inadvertence or fraud. It is a case involving simple non-performance on the part of the Isoms.
The granting of relief under Rule 1.540, where the Isoms conceded that they had not endorsed the check, was an erroneous application of Rule 1.540. By reinstating the lawsuit, the burden now falls on State Farm to seek judicial enforcement of the agreement and to obtain dismissal, whereas the burden ought to be on the Isoms to obtain judicial relief from the agreement they have made. Unless they are excused from their agreement, they have no basis to have the dismissal set aside. I would have left the Isoms in the situation in which they placed *1173 themselveswith the option of either seeking relief from the court from the agreement or simply electing not to cash the check.
NOTES
[1] The settlement agreement provided that State Farm would pay the Isoms $39,500.00. There was no mention of a payment to Shands Hospital.