701 So.2d 1234 (1997)
OPTI, INC., a California corporation, Appellant,
v.
SALES ENGINEERING CONCEPTS, INC., a Florida corporation, Appellee.
No. 97-1620.
District Court of Appeal of Florida, Fourth District.
December 3, 1997.
*1235 Jonathan M. Matzner and Robert H. Schwartz of Adorno & Zeder, Fort Lauderdale, for appellant.
Michele K. Feinzig and Timothy J. McDermott of Tripp, Scott, Conklin & Smith, Fort Lauderdale, for appellee.
FARMER, Judge.
We have before us an order refusing to vacate a judgment by default based on a complaint that explicitly fails to state a cause of action for judicial relief for breach of contract. The order is therefore contrary to Lee & Sakahara Associates v. Boykin Management Company, 678 So.2d 394 (Fla. 4th DCA 1996), where we held that "a default should be set aside where, as here, the complaint on its face fails to state a cause of action." 678 So.2d at 396; see also Becerra v. Equity Imports, Inc., 551 So.2d 486, 488-489 (Fla. 3d DCA 1989) (default admits only well pleaded allegations of fact and acquiesces in relief); Board of Regents v. Stinson-Head, Inc., 504 So.2d 1374 (Fla. 4th DCA 1987) (upon default, party seeking affirmative relief may not be granted relief that is not supported by the pleadings or by substantive law applicable to the pleadings).
In this case the complaint alleged a contract between the parties, a copy of which was attached to the pleading, and a breach. The attached contract contained a provision that the sole remedy for breach would be by arbitration in California.[1] The complaint did not allege that the breaching party had waived or refused to arbitrate, but instead sought a judicial remedy by money judgment. Plaintiff's prayer for a money judgment was thus repugnant to the specific allegations of the contractual provisions, and therefore the pleading was a nullity. Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3rd DCA), cert. den., 252 So.2d 797 (Fla.1971); Harry P. Trawick, Jr., FLORIDA PLEADING AND PRACTICE, § 6-7, at 84-85 (1996 ed.). The complaint failed on its face to state a cause of action for any judicial relief, other than to compel arbitration. See Board of Regents v. Stinson-Head, Inc., 504 So.2d 1374 (Fla. 4th DCA 1987) (breach of contract containing arbitration provision entitles party only to order compelling arbitration).
We therefore reverse the order denying the motion to vacate the default judgment and remand with instructions to vacate the money judgment and enter an order compelling arbitration.
REVERSED.
POLEN, J., concur.
SHAHOOD, J., concurs in result only.
NOTES
[1] The arbitration provision says:

"At the option of either party, except as otherwise expressly agreed herein, any dispute, controversy or differences which may arise out of, or in relation to or in connection with this Agreement or with the interpretation of any part hereof, or for any breach, shall be submitted to arbitration in accordance with the rules of the American Arbitration Association.... The parties agree that such arbitration shall be the sole method of settling any dispute, controversy, or difference which may arise out of or in relation to or in connection with this Agreement or with the interpretation of any pert thereof or for any breach hereof."
In order to state a cause of action for judicial relief under this contract, the plaintiff would have to allege that the other party had waived the entitlement to arbitration. No such allegation appears in the complaint in this case.