701 So.2d 1271 (1997)
BILLINGS, CUNNINGHAM, MORGAN & BOATWRIGHT, P.A., Petitioner,
v.
Sean ISOM and Judy Isom, etc., et al., Respondents.
No. 97-2772.
District Court of Appeal of Florida, Fifth District.
December 12, 1997.
James O. Counningham and Tracy Troutman Cheek, of Billings, Cunningham, Morgan & Boatwright, P.A., Orlando, for Petitioners.
Sean Isom, Groveland, pro se.
*1272 W. SHARP, Judge.
The petitioner, Billings, Cunningham, Morgan & Boatwright, P.A. (a law firm), seeks certiorari review of an order of the trial court which denied the firm's motion to withdraw as counsel for the respondent, Sean Isom. The firm asserts the trial court departed from the essential requirements of law when it denied its motion to withdraw based on a conflict of interest. This order is reviewable by certiorari.[1] We deny the petition for the reasons stated hereafter.
Isom suffered injuries in an accident on November 15, 1991. Suit was filed by the petitioner on his behalf in March of 1994. After a mediation agreement was entered into and Isom executed a release, the trial court dismissed the suit. Isom then filed a motion to set aside the dismissal, which the trial court granted. The insurer appealed and this court affirmed. State Farm Mutual Automobile Ins. Co. v. Isom, 681 So.2d 1170 (Fla. 5th DCA 1996), rev. denied, 691 So.2d 1081 (Fla.1997).
Isom thereafter sought to set aside the mediation agreement and release, asserting that he was ill and medicated at the time he signed those documents. During discovery, Isom stated that a former associate of the law firm had advised him to sign the settlement and release, but assured Isom the documents were not final and would not bar further settlement discussions.
Based on these allegations, the attorney who was representing Isom for the firm, moved to withdraw from representation based on a conflict of interest. He stated the firm had been advised by the Florida Bar that its withdrawal was mandatory, pursuant to Rule 4-1.16(a), Rules of Professional Conduct. That rule provides in relevant part:
(a) When Lawyer Must Decline or Terminate Representation. Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
(1) the representation will result in violation of the Rules of Professional Conduct or law ...
However, the rule also provides:
(c) Compliance With Order of Tribunal. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating representation.
The trial court held a hearing at which Isom stated he could not find another lawyer to represent him and he wished the firm to continue to represent him. The court analyzed the complex factors in this case. It weighed the "conflict" created by Isom's allegation of mis-advice by an associate, the length of time the firm had represented Isom in this matter, and the client's ability to secure other counsel, at this point in the litigation. It determined that the firm's motion to withdraw should be denied.
We think in this case the firm failed to show the trial court departed from the essential requirements of law. In a similar case, Boudreau v. Carlisle, 549 So.2d 1073 (Fla. 4th DCA 1989), rev. dismissed, 557 So.2d 866 (Fla.1990), a criminal case, the court denied a petition for writ of certiorari filed by an attorney seeking to quash the order of a trial court which denied the attorney's motion to withdraw because the client had filed a malpractice claim against the attorney. The court found the trial court's ruling was supported by statements at the hearing by the attorney that he could competently represent the client despite the malpractice claim.
This case rests on a similar fact determination by the trial court. Rule 4-1.16(c) contemplates the situation like this in which a trial court has the authority to order continued representation, even when potential ethical conflicts are presented. Its decision to deny a motion to withdraw will not be disturbed, absent a clear abuse of discretion. See Nix v. Whiteside, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). See also Pantori v. Stephenson, 384 So.2d 1357 (Fla. 5th *1273 DCA 1980); Holland v. Tenenbaum, 360 So.2d 493 (Fla. 4th DCA 1978).
Petition for Writ of Certiorari DENIED.
GRIFFIN, C.J., and GOSHORN, J., concur.
NOTES
[1] Boudreau v. Carlisle, 549 So.2d 1073 (Fla. 4th DCA 1989), rev. dismissed, 557 So.2d 866 (Fla. 1990).