PER CURIAM.
Calvin Everett, the plaintiff below, appeals an order denying his motion for relief from judgment brought under Florida Rule of Civil Procedure 1.540(b)(1). We reverse, because the record clearly demonstrates the existence of a factual mistake justifying relief.
On July 1, 1997, Everett filed a complaint against various defendants for injuries he sustained when he was crushed by a cargo container while working as a ship loader. The complaint alleged that the injury occurred “on or about June 26, 1994.” One of the defendants, appellee Florida Transportation Services, Inc., filed a motion to dismiss, arguing that the allegations of the complaint placed the injury outside of the applicable three year statute of limitations under federal maritime law. The trial court granted the motion on August 7,1997.
Within one year of August 7, 1997, Everett filed a motion for leave to file an amended complaint. The trial court correctly treated the motion as one for relief from final judgment pursuant to 1.540(b). The ground for the motion was that the date of the injury set forth in the complaint was incorrectly stated as June 26, 1994. The correct date of the injury was August 19, 1994, a date within the three year statute of limitations. The trial court denied the motion.
Rule 1.540 “provides relief from judgments based on mistakes which result from oversight, neglect or accident.” State Farm Mut. Auto. Ins. Co. v. Isom, 681 So.2d 1170, 1172 (Fla. 5th DCA 1996). The mistake in this case is similar to that in Miller v. Fortune Insurance Company, 484 So.2d 1221 (Fla.1986), where the plaintiffs attorney filed a “voluntary motion to dismiss” a suit in county court “with prejudice,” instead of “without prejudice”; the attorney failed to pick up a significant error in the motion he filed. The supreme court held that such an error was correct able under Rule 1.540(b). See id. at 1224; see Lee & Sakahara Assocs., AIA, Inc. v. Boykin Management Co., 678 So.2d 394 (Fla. 4th DCA 1996). The mistake in this case was one of fact, not one of law or tactics. See Low v. Powerline Serv., Inc., 539 So.2d 507 (Fla. 4th DCA 1989); cf. Curbelo v. Ullman, 571 So.2d 443 (Fla. 1990) (holding that judicial error such as a mistaken view of the law is not subject to correction under rule 1.540(b)(1)); Miller, 484 So.2d at 1228 (“courts will not relieve parties of their tactical mistakes” under rule. 1.540(b)). We reverse and remand with instructions to grant the motion under Rule 1.540(b)(1).
STONE, C.J., WARNER and GROSS, JJ., concur.