NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

W. JUSTIN COTTRELL; W. JUSTIN
COTTRELL, AS TRUSTEE of the
1456 SOUTH SWINGING TRAIL
LAND TRUST dated MARCH 4, 2013;
DERRICK KLUMP; and KRISTINE L.
KLUMP,

   Appellants,

v.
             Case No. 2D14-5885

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP,

   Appellee.

Opinion filed January 8, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Glades County;
Thomas S. Reese, Senior Judge.

Gregory J. Guidish of Cottrell Law and Title
Group, Naples, for Appellants.

Owen H. Sokolof and Marjorie Levine of
Clarfield, Okon, Salomone & Pincus, West
Palm Beach, for Appellee.


SALARIO, Judge.

   Taylor, Bean, and Whitaker Mortgage Corporation voluntarily dismissed

this foreclosure action against W. Justin Cottrell and Derrick and Kristine Klump without

prejudice after its law firm advised that the suit was barred by limitations. When later investigation revealed that this advice might have been wrong, Taylor Bean moved pursuant to Florida Rule of Civil Procedure 1.540(b)(1) to vacate the voluntary dismissal on grounds of mistake. Without taking evidence, the trial court granted Taylor Bean's motion, and that order is the subject of this appeal. Because the asserted error is on its face the product of a deliberate judgment by counsel, and not the type of nonjudgmental mistake to which rule 1.540(b) applies, we reverse and remand with instructions to deny the motion and to reinstate the dismissal.

I.

This is a suit on a note secured by a mortgage on real property owned, at least initially, by Mr. and Mrs. Klump. In March 2013, the Klumps established a land trust, with Mr. Cottrell—their attorney—serving as the trustee. Mr. Klump then deeded the property that is the subject of Taylor Bean's mortgage to Mr. Cottrell in his capacity as trustee of the land trust. The nature of each of the Klumps' remaining interests in the land after the deed to Mr. Cottrell, however, is not discernable from the limited appendices the parties have provided. In July 2013, Taylor Bean filed a complaint to foreclose the mortgage, naming the Klumps and Mr. Cottrell as defendants.

Sometime thereafter, Taylor Bean's law firm advised it that its foreclosure claim was potentially barred by the statute of limitations. As a result, the law firm advised Taylor Bean to voluntarily dismiss the action and reinstitute attempts to collect on the note underlying the mortgage. Pursuant to rule 1.420(a)(1), Taylor Bean filed a notice of voluntary dismissal without prejudice on August 20, 2014. That notice disposed of the case in its entirety as to all parties.

After the notice was filed, Taylor Bean learned that Mr. Klump was on active duty in the United States military and that his service may have tolled the statute of limitations in accord with the Servicemembers Civil Relief Act.[1] See 50 U.S.C. app. § 526(a) (2012) ("The period of a servicemember's military service may not be included in computing any period . . . for the bringing of any action or proceeding in a court . . . ."). In September 2014, it filed a motion under rule 1.540(b) to vacate the voluntary dismissal. This motion did not provide any reasons for the relief sought and did not contain any evidentiary support. It was denied without prejudice.

In October 2014, Taylor Bean filed a renewed motion to vacate accompanied by an affidavit from the paralegal who advised it to dismiss the action based on the potential limitations issue. Taylor Bean alleged that its law firm was not aware when it filed the dismissal notice that Mr. Klump was in the military and that, had it known, it would not have filed the document. It further alleged that the law firm did not conduct a search for the parties' military service because the case had been transferred to it from a different law firm. As legal support, the motion cited rule 1.540(b) but did not identify the specific subsection of the rule upon which it relied.

At the hearing on the motion, Taylor Bean argued that the filing of the voluntary dismissal was based upon a mistake as to Mr. Klump's military service, making it remediable under rule 1.540(b)(1). Counsel for Mr. Klump argued that the intentional filing of a voluntary dismissal was a tactical mistake that could not provide

---

[1]Whether his service actually tolled the time for the commencement of this foreclosure action and whether such tolling also applied to the property interests held by Mrs. Klump or Mr. Cottrell were not raised by the parties in the trial court or here. We express no opinion about those issues.

the trial court with jurisdiction to reinstate the case following the voluntary dismissal. The trial court granted the motion at the conclusion of the arguments and without taking any evidence. Mr. Cottrell and the Klumps timely filed this appeal.

II.

Mr. Cottrell and the Klumps argue both that Taylor Bean's voluntary dismissal based on the incorrect assumption that Mr. Klump had not served in the military is not cognizable under rule 1.540(b)(1) and that, at all events, they were entitled to an evidentiary hearing before the trial court ruled on the renewed motion to vacate. Both issues are pure questions of law as to which our review is de novo. See Pino v. Bank of N.Y., 121 So. 3d 23, 30-31 (Fla. 2013).

The supreme court has held that the filing of a notice of dismissal under rule 1.420(a)(1) immediately and finally terminates a trial court's jurisdiction over a case:

> [T]he effect of a plaintiff's voluntary dismissal under rule 1.420(a)(1) is jurisdictional. The voluntary dismissal serves to terminate the litigation, to instantaneously divest the court of its jurisdiction to enter or entertain further orders that would otherwise dispose of the case on the merits, and to preclude revival of the original action.

Pino, 121 So. 3d at 32. The court has recognized only one exception to the rule that a notice of dismissal terminates a trial court's jurisdiction with "absolute finality"—the existence of grounds justifying relief under rule 1.540(b). Miller v. Fortune Ins. Co., 484 So. 2d 1221, 1223 (Fla. 1986); see also Pino, 121 So. 3d at 33-41 (identifying and rejecting other potential exceptions to the finality of a rule 1.420(a)(1) dismissal).

Because a trial court necessarily has jurisdiction to determine whether it has jurisdiction, the filing of a rule 1.540(b) motion after a case has been voluntarily dismissed vests the trial court with the limited authority to determine whether the

grounds asserted by the movant justify relief under the rule. Miller, 484 So. 2d at 1223-24; Lee & Sakahara Assocs., AIA, Inc. v. Boykin Mgmt. Co., 678 So. 2d 394, 395 (Fla. 4th DCA 1996), receded from on unrelated grounds in Condo. Ass'n of La Mer Estates, Inc. v. Bank of N.Y. Mellon Corp., 137 So. 3d 396 (Fla. 4th DCA 2014). Where a motion under rule 1.540(b) sets forth "a colorable entitlement to relief," the trial court should conduct an evidentiary hearing to determine whether such relief should be granted. Chancey v. Chancey, 880 So. 2d 1281, 1282 (Fla. 2d DCA 2004); see also Navarro v. Castro, 110 So. 3d 499, 501 (Fla. 4th DCA 2013) ("[B]ecause the defendant's motion pled the existence of a ground set out under rule 1.540(b), the circuit court had jurisdiction to consider the motion and should have set an evidentiary hearing on the motion."). It follows that where the allegations of a rule 1.540(b) motion do not give rise to a right to relief, an evidentiary hearing on those allegations is not required and the trial court's jurisdiction is limited to the entry of an order denying the motion. See generally Freemon v. Deutsche Bank Trust Co. Ams., 46 So. 3d 1202, 1204 (Fla. 4th DCA 2010) ("If a motion does not set forth a basis for relief on its face, then an evidentiary hearing is unnecessary . . . ." (quoting Coleman (Parent) Holdings, Inc. v. Morgan Stanley & Co., 20 So. 3d 952, 955 (Fla. 4th DCA 2009))).

As pertinent here, rule 1.540(b)(1) provides for relief from an improvidently filed notice of voluntary dismissal on grounds of mistake. In determining whether relief is warranted on this basis, the supreme court has distinguished between judgmental or tactical errors by a party or its counsel and other types of errors that do not involve the deliberate exercise of judgment. See Miller, 484 So. 2d at 1223. Judgmental or tactical errors are not regarded as mistakes within the meaning of rule 1.540(b)(1)—and thus

- 5 -

will not relieve a party from a voluntary dismissal—while nonjudgmental errors do qualify for relief under the rule.  See id.; see also Davidson v. Lenglen Condo Ass'n, 602 So. 2d 687, 688 (Fla. 4th DCA 1992) ("[T]rial courts have the jurisdiction to correct only clerical, i.e., secretarial, substantive errors in cases such as the present one.  Rule 1.540(b) . . . may not be employed for relief from an attorney's tactical errors or judgmental mistakes or in cases of attorney miscalculation.").

In Miller, the plaintiff in a lawsuit against an insurance company sought relief under rule 1.540(b)(1) after filing a notice of voluntary dismissal with prejudice. 484 So. 2d at 1222.  The motion was supported by affidavits from the plaintiff's lawyer and his secretary to the effect that the secretary erroneously drafted the notice to be "with prejudice," notwithstanding a standard office practice to make all voluntary dismissals "without prejudice" unless otherwise instructed.  Id.  The supreme court held that the plaintiff was entitled to an evidentiary hearing to determine whether her allegations supported relief because "the limited jurisdiction conferred . . . by rule 1.540(b) to correct errors includes the power to correct clerical substantive errors in a voluntary notice of dismissal."  Id. at 1224.

In so holding, the court distinguished its earlier decision in Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So. 2d 68 (Fla. 1978), which considered a plaintiff's asserted entitlement to relief under rule 1.540(b) when she learned, after taking a voluntary dismissal, that she had lost the opportunity to relitigate against the defendant.  In that case, the supreme court held that relief was not appropriate in such circumstances because it was incumbent on counsel "to ascertain the need for and the consequence of a voluntary dismissal" before filing the notice and "[i]t has never been

- 6 -

the role of the trial courts . . . to relieve attorneys of their tactical mistakes." Id. at 69. In its subsequent decision in Miller, the supreme court explained that the import of the holding in Randle-Eastern was that "judgmental error by the plaintiff"—as distinguished from the clerical error before the court in Miller—"is not the kind of mistake, inadvertence, or excusable neglect contemplated by rule 1.540(b). The plaintiff bears the risk of judgmental decisions; the courts will not relieve the parties of their tactical mistakes." 484 So. 2d at 1223; see also Smiles v. Young, 271 So. 2d 798, 802 (Fla. 3d DCA 1973) (holding that rule 1.540(b) does not contemplate "the reopening of lawsuits to allow parties to state new claims or offer new evidence omitted by oversight or inadvertence").

As described by Taylor Bean's motion and supporting affidavit, the filing of the notice of voluntary dismissal in this case was a judgmental or tactical error. The motion alleges that the filing was the product of a judgment by Taylor Bean's counsel that the statute of limitations had likely run and, as a result, that Mr. Cottrell and the Klumps had a defense to the suit. The motion also alleges a tactical purpose for Taylor Bean's decision—namely, to dismiss the lawsuit in furtherance of reinstituting out-of-court efforts to collect on the note. That Taylor Bean's decision to dismiss may have been based on the inaccurate assumption that Mr. Klump was not in active service with the military—an assumption, we note, that flowed from the law firm's judgment not to search for military service after it had received the file from another law firm—does not change its character as a judgmental or tactical decision. The law firm's discovery of Mr. Klump's military service is not different in any material way from the discovery by the plaintiff in Randle-Eastern that she had lost the ability to relitigate against the defendant.

As <u>Miller</u> and <u>Randle-Eastern</u> instruct, rule 1.540(b)(1) will not relieve a party of an intentional judgment to dismiss a case on the basis that, as it turns out, that judgment may not have been completely considered or investigated.

In that respect, the nature of the law firm's alleged error in this case stands in contrast to those cases in which courts have used rule 1.540(b)(1) to grant relief from voluntary dismissals. The common thread in those cases is that the basis for relief was a mistake in execution of a party's or lawyer's decision regarding voluntary dismissal, not a decision to voluntarily dismiss that a party or lawyer later concluded was ill-advised. <u>Miller</u> itself—in which the allegations were that counsel intended to dismiss without prejudice but that an error resulted in the unintentional filing of a dismissal notice with prejudice—is a classic example of the type of mistake as to which courts have afforded relief from a voluntary dismissal under rule 1.540(b)(1). <u>See also</u> <u>Diaz, Reus & Targ, LLP v. Bird Wingate, LLC II</u>, 66 So. 3d 974, 975 (Fla. 3d DCA 2011) (affirming order vacating voluntary dismissal where counsel intended to dismiss "without prejudice" but paralegal prepared notice that said "with prejudice"); <u>Wells Fargo Bank, NA v. Haecherl</u>, 56 So. 3d 892, 893-94 (Fla. 4th DCA 2011) (reversing for an evidentiary hearing based on a rule 1.540(b) motion claiming that a paralegal accidentally prepared the voluntary dismissal instead of the intended form and that the attorney accidentally signed it); <u>Davidson</u>, 602 So. 2d at 688 (relying on rule 1.540(b) to allow a corrected notice of dismissal where first notice of dismissal inadvertently failed to specify that only one of several parties was being dismissed).

We are aware of no decision, however, in which rule 1.540(b)(1) has been employed to vacate a party's rule 1.420(a)(1) dismissal of a suit based on its assertion

that investigation conducted after the dismissal notice was filed revealed information the party wished it had known before filing it.  Nor has Taylor Bean cited one.[2]  This makes sense.  Subsequent investigation could almost always uncover some new information that would change a party's earlier tactical judgment to dismiss a case.  Vacating voluntary dismissals on grounds of mistake based on that showing alone would be inconsistent with the absolute finality the supreme court has afforded such dismissals.

That does not mean that a party can never obtain relief from a voluntary dismissal based on information learned through subsequent investigation.  We note, for example, that rule 1.540(b)(2) provides for relief based on "newly discovered evidence" and that Taylor Bean argued at the hearing in the trial court that the law firm's discovery of Mr. Klump's military service qualified.  It conceded that argument, however, by advising the trial court that Taylor Bean could have discovered Mr. Klump's service before it filed the dismissal notice and has not asserted on appeal that rule 1.540(b)(2) provides an alternative basis for affirmance.  See Fla. R. Civ. P. 1.540(b)(2) (authorizing relief where the newly discovered evidence "by due diligence could not have been discovered in time to move for a new trial or rehearing").  In addition, rule 1.540(b)(3) provides for relief when a party can show "fraud . . ., misrepresentation, or other

---

[2]Taylor Bean asserts that Everett v. Florida Transportation Services, Inc., 744 So. 2d 1038 (Fla. 4th DCA 1999), supports its position.  We disagree.  Everett did not involve a plaintiff's intentional decision to dismiss a case based on an inaccurate assumption; it involved an involuntary dismissal of the plaintiff's complaint upon motion by the defendant.  Further, Everett involved an alleged mistake in pleading the date upon which the plaintiff was injured, which led to a dismissal based on the statute of limitations.  The opinion does not explain how that error occurred or the circumstances under which it was discovered—apart from saying that "the mistake in this case is similar to that in Miller."  Id. at 1039.  As we have explained, the facts of this case are not similar to those in Miller.

misconduct of an adverse party."  This ground for relief was not alleged in the trial court.[3]  The only rule 1.540(b) ground at issue here is mistake, and the alleged mistake in this case is, as an error of judgment or tactics, not the type of error for which the rule affords relief from a voluntary dismissal.

## III.

Because Taylor Bean's motion on its face established that the alleged mistake was a judgmental error to which rule 1.540(b)(1) did not apply and failed to allege any other cognizable basis to vacate the voluntary dismissal, the trial court was without jurisdiction to proceed further and should have denied the motion.  No evidentiary hearing was required before entry of this denial.  We reverse the order granting Taylor Bean's renewed motion to vacate and remand with instructions that the trial court enter an order denying that motion and reinstate its earlier voluntary dismissal without prejudice.

Reversed and remanded with instructions.

WALLACE and KHOUZAM, JJ., Concur.

---

[3]Taylor Bean presents a misrepresentation argument on appeal, but because this argument was not presented to the trial court and our limited record does not support it, we cannot affirm on this basis here.  See Freemon, 46 So. 3d at 1205.