Per Curiam.
We reverse the trial court’s order denying the bank’s Florida Rule of Civil Procedure 1.540(b) motion to vacate a notice of voluntary dismissal. The notice was filed due to clerical mistake, and the trial court abused its discretion. See Miller v. Fortune Ins. Co., 484 So.2d 1221, 1224 (Fla. 1986) (holding that rule 1.540(b)(1) confers on trial courts the power “to correct clerical substantive errors in a voluntary notice of dismissal”).
The record and affidavit filed by the bank showed that the unsigned and undated notice of voluntary dismissal was inadvertently filed along with a premature final disposition form. See Fla. R. Civ. P. 1.100(c)(3) (requiring the prevailing party to file a final disposition form (form 1.998) when an order or judgment is entered disposing of an action).[1] The final disposition form was filed while the case remained scheduled for trial and indicated the case was resolved “by non-jury trial.” The bank filed witness and exhibit lists for the upcoming trial as- well as affidavits in support of attorney’s fees and costs. The record established that the prematurely-filed disposition form and unexecuted notice of voluntary dismissal were filed due to a clerical mistake. The trial court abused its discretion in denying the motion to vacate. See Davidson v. Lenglen Condo. Ass’n, 602 So.2d 687, 688 (Fla. 4th DCA 1992). We remand for the trial court to enter an order vacating the voluntary dismissal.

Reversed and remanded.

Taylor, Levine and Forst, JJ., concur.

. Effective January 1, 2017 this rule, in identical form, was moved to new rule 1.545.