# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1378
Lower Tribunal No. 20-13758
_____

**Vitaly Parkhomchuck, et al.,**
Appellants,

vs.

**AIY, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Brantley Oakey (Naples), for appellants.

Padula Bennardo Levine, LLP, and Joshua S. Widlansky (Boca Raton), for appellee.

Before SCALES, HENDON and LOBREE, JJ.

SCALES, J.

Vitaly Parkhomchuck[1] and VPNC Logistics, LLC, the defendants below, appeal a default final judgment and two orders denying separate Florida Rule of Civil Procedure 1.540 motions to set aside the default final judgment.[2] Because we lack appellate jurisdiction to review both the final default judgment and the order denying the appellants' first rule 1.540 motion, we dismiss the appeal as to those orders. With regard to the order denying the appellants' second rule 1.540 motion, we affirm because the trial court did not abuse its discretion by denying the motion.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

On June 30, 2020, appellee AIY, Inc. filed a six-count complaint against the defendants in the Miami-Dade County circuit court. All claims stemmed from allegations that the defendants had misappropriated a freight truck belonging to the appellee. When the defendants failed to answer the complaint, the appellee obtained a court default and, on December 10, 2020, the trial court entered a default final judgment against the defendants. The

---

[1] In the various court filings both here and below, Vitaly's last name has been spelled alternately as Parkhomchuck, Parkohmchuck, and Parkhomchuk.

[2] Ekatarina Filiminova was a co-defendant in the lower proceeding. While the trial court entered the subject default final judgment as to Filiminova also, the trial court ultimately vacated the judgment as to her for lack of personal jurisdiction. See footnote 3, *infra*. Filiminova, therefore, is not a party to this appeal despite her being listed as an appellant in the notice of appeal and the appellate briefs.

default final judgment (i) directed the clerk of the court to issue a writ of replevin for recovery of the freight truck, (ii) awarded the appellee damages from Parkhomchuck for civil theft, and (iii) dismissed, as moot, the remaining claims against the defendants.

The defendants did not seek rehearing of, nor did they appeal, the final default judgment. Rather, one week after entry of the default final judgment, on December 17, 2020, the defendants filed their *first* rule 1.540 motion to set aside the default final judgment. In this motion, the defendants argued that the default final judgment (i) was void for lack of personal jurisdiction, see Fla. R. Civ. P. 1.540(b)(4), and (ii) should be vacated on grounds of excusable neglect. See Fla. R. Civ. P. 1.540(b)(1). As to excusable neglect, the appellants argued that they had "not appropriated the truck."

On January 21, 2021, the trial court entered an order denying the defendants' first rule 1.540 motion as to the excusable neglect claim, but deferred ruling on the motion as it related to lack of personal jurisdiction so that the court could hold an evidentiary hearing. On April 20, 2021, having conducted the evidentiary hearing, the trial court entered an order denying the personal jurisdiction aspect of the appellants' first rule 1.540 motion.[3]

---

[3] It is in this April 20, 2021 order that the trial court determined it lacked personal jurisdiction over defendant Ekaterina Filiminova, and, as to her, granted the rule 1.540(b)(4) motion and vacated the default final judgment.

3

The appellants did not seek appellate review of either the January 21, 2021 order, or the April 20, 2021 order that, collectively, disposed of the appellants' first rule 1.540 motion.

On May 3, 2021, the appellants filed their *second* rule 1.540 motion to set aside the default final judgment. This time, the appellants argued that the default final judgment should be vacated on grounds of newly discovered evidence, see Fla. R. Civ. P. 1.540(b)(2), and misrepresentation. See Fla. R. Civ. P. 1.540(b)(3). The underlying factual allegations as to both grounds, however, were the same as those underlying the excusable neglect claim that the appellants had raised in their first rule 1.540 motion. Specifically, underpinning their newly discovered evidence and misrepresentation claims, the appellants argued that "[the appellants] never took the vehicle in question, and there was nothing to replevin, nor did any civil theft occur." In addition, the appellants' second rule 1.540 motion argued that, pursuant to Florida Rule of Civil Procedure 1.530(g),[4] the trial court should alter or amend the default final judgment to prevent a purported double recovery by the appellee for both replevin and money damages. On June 8, 2021, the

_____

[4] Rule 1.530(g) provides that "[a] motion to alter or amend the judgment shall be served *not later than 15 days after entry of the judgment*, except that this rule does not affect the remedies in rule 1.540(b)." (Emphasis added).

4

trial court, without conducting a hearing, entered an order denying the appellants' second rule 1.540 motion.

On June 29, 2021, the appellants filed a notice of appeal in this Court, seeking to appeal the default final judgment and the separate orders denying the appellants' first and second rule 1.540 motions.

## II.    ANALYSIS

We lack appellate jurisdiction to review the December 10, 2020 default final judgment because the notice of appeal was filed more than thirty days from its rendition, see Fla. R. App. P. 9.110(b), and the rule 1.540 motions did not toll rendition of the judgment. See Fla. R. Civ. P. 1.540(b) ("A motion under this subdivision does not affect the finality of a judgment, decree, or order or suspend its operation."); Stubbs v. Fed. Nat'l Mortg. Ass'n, 250 So. 3d 151, 152 (Fla. 2d DCA 2018) (recognizing that a rule 1.540 motion does not toll the time for taking an appeal from a final judgment because a rule 1.540 motion does not affect the finality of a judgment).

Similarly, we lack appellate jurisdiction to review the January 21, 2021 and April 20, 2021 orders denying the appellants' first rule 1.540 motion because the notice of appeal was not filed within thirty days of the orders' rendition. See Fla. R. App. P. 9.130(a)(5) ("Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method

5

prescribed by this rule."); Fla. R. App. P. 9.130(b) ("Jurisdiction of the court under subdivisions (a)(3)-(a)(5) of this rule shall be invoked by filing a notice . . . with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed."); Albano v. Albano, 579 So. 2d 757, 758 (Fla. 5th DCA 1991).

With respect to the appellants' timely appeal of the June 8, 2021 order denying the appellants' second rule 1.540 motion, we affirm because the trial court did not abuse its discretion. "[W]here the allegations of a rule 1.540(b) motion do not give rise to a right to relief, an evidentiary hearing on those allegations is not required." Cottrell v. Taylor, Bean & Whitaker Mortg. Corp., 198 So. 3d 688, 691 (Fla. 2d DCA 2016). Moreover, if the appellants were dissatisfied with the trial court's ruling on their first rule 1.540(b) motion, "their remedy was by appeal, not be [sic] filing successive motions to vacate containing the same general grounds or even new ones, which could have been raised in the first motion." Intercoastal Marina Towers, Inc. v. Suburban Bank, 506 So. 2d 1177, 1179 (Fla. 4th DCA 1987); Purcell v. Deli Man, Inc., 411 So. 2d 378, 379 (Fla. 4th DCA 1982) ("Had the circuit court denied the second motion to vacate, its action would have been affirmed because the grounds raised in the second motion were raised or could have been raised in the first motion [to vacate]."); see Cordero v. Washington Mut. Bank, 241

6

So. 3d 967, 968 (Fla. 3d DCA 2018) ("An untimely appeal of a prior order cannot be revived by obtaining a new order to the same effect as the original order and then filing a notice of appeal within thirty days of the most recent order.").

Finally, a rule 1.540 motion is not an appropriate means of challenging the merits of the underlying judgment. See Phenion Dev. Grp., Inc. v. Love, 940 So. 2d 1179, 1183 (Fla. 5th DCA 2006) ("Rule 1.540 was not intended as a substitute for relief from judicial error, 'such as a mistaken view of the law,' that should have been corrected by direct appeal or by motion under Florida Rule of Civil Procedure 1.530." (quoting Curbelo v. Ullman, 571 So. 2d 443, 445 (Fla. 1990))); Averbuch v. Lauffer, 516 So. 2d 973, 974 (Fla. 5th DCA 1987) ("[A] denial (or granting) of a motion to vacate a final judgment cannot on appeal bring up for review the merits of the final judgment sought to be vacated." (quoting Bland v. Mitchell, 245 So. 2d 47, 48 (Fla. 1970))).

Accordingly, we dismiss, for lack of jurisdiction, that portion of the appeal challenging the default final judgment and the orders denying the appellants' first rule 1.540(b) motion; and we affirm the order denying the appellants' second rule 1.540(b) motion.

Appeal dismissed in part and affirmed in part.

7