DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD BAROFF,**
Appellant,

v.

**RACHEL BAROFF,**
Appellee.

No. 4D22-772

[November 2, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura C. Burkhart, Judge; L.T. Case No. 502019DR007999.

Richard Baroff, Parkland, pro se.

No appearance for appellee.

GERBER, J.

In this post-marriage dissolution proceeding, the pro se former husband appeals from the circuit court's February 23, 2022 order denying his Florida Family Law Rule of Procedure 12.540 motion to vacate the court's December 30, 2021 order, which had: (1) denied as moot the former husband's motion to determine the valuation date for the parties' retirement accounts, based on the court's November 7, 2021 order which already had determined the retirement accounts' valuation date; and (2) simultaneously denied the former husband's motion to vacate the November 7, 2021 order which had determined the retirement accounts' valuation date.

We dismiss, for lack of jurisdiction, that portion of the appeal challenging the December 30, 2021 order denying the husband's first rule 12.540(b) motion, as untimely. As our sister court held in *Parkhomchuck v. AIY, Inc.*, 338 So. 3d 397 (Fla. 3d DCA 2022):

> [W]e lack appellate jurisdiction to review the [circuit court's] order[] denying the appellants' first rule 1.540 motion because the notice of appeal was not filed within thirty days of the

orders' rendition. *See* Fla. R. App. P. 9.130(a)(5) ("Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule."); Fla. R. App. P. 9.130(b) ("Jurisdiction of the court under subdivisions (a)(3)-(a)(5) of this rule shall be invoked by filing a notice ... with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed."); *Albano v. Albano*, 579 So. 2d 757, 758 (Fla. 5th DCA 1991).

*Id.* at 400.

To the extent the former husband challenges the circuit court's February 23, 2022 order denying the former husband's second—i.e., successive—rule 12.540 motion to vacate, we must affirm. As explained in *Parkhomchuck*:

[I]f the appellant[] w[as] dissatisfied with the [circuit] court's ruling on [his] first rule 1.540(b) motion, "[his] remedy was by appeal, not be [sic] filing successive motions to vacate containing the same general grounds or even new ones, which could have been raised in the first motion." *Intercoastal Marina Towers, Inc. v. Suburban Bank*, 506 So. 2d 1177, 1179 (Fla. 4th DCA 1987); *Purcell v. Deli Man, Inc.*, 411 So. 2d 378, 379 (Fla. 4th DCA 1982) ("Had the circuit court denied the second motion to vacate, its action would have been affirmed because the grounds raised in the second motion were raised or could have been raised in the first motion [to vacate]."); *see Cordero v. Washington Mut. Bank*, 241 So. 3d 967, 968 (Fla. 3d DCA 2018) ("An untimely appeal of a prior order cannot be revived by obtaining a new order to the same effect as the original order and then filing a notice of appeal within thirty days of the most recent order.").

338 So. 3d at 400.

*Dismissed in part, affirmed in part.*

MAY and FORST, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***