431 So.2d 287 (1983)
Minerva C. TIECHE, As Personal Representative of the Estate of Thomas D. Tieche, Deceased, Appellant,
v.
FLORIDA PHYSICIANS INSURANCE RECIPROCAL, a Florida Corporation, James W. Antoon, D.D.S., Louis C. Jensen, Jr., M.D., Pat Haggerty, Mary Fleming, Anthony Mincu and County of Brevard, Florida, Appellees.
No. 83-129.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
F. Kendall Slinkman, West Palm Beach, for appellant.
Richard A. Simon and W. Michael Miller of Gurney & Handley, P.A., Orlando, for appellee Jensen.
No appearance for appellees Florida Physicians Ins. Reciprocal, Antoon, Haggerty, Flemming, Mincu and Brevard.

ON MOTION TO DISMISS APPEAL
ORFINGER, Chief Judge.
This appeal is from an order of the trial court setting aside a default entered by the Clerk of the trial court against appellee Jensen. Appellee moves to dismiss the appeal on the ground that the order appealed from is a non-final order and is not among those non-final orders which may be appealed under Florida Rule of Appellate Procedure 9.130(a)(3). We agree, and dismiss the appeal.
Appellant, as plaintiff, filed an action for damages against appellee Louis Jensen, Jr., M.D., and others. When Jensen did not file an answer or otherwise plead within the prescribed time after service of process, the clerk of the court entered a default against him pursuant to the provisions of Florida Rule of Civil Procedure 9.500(a). He moved to set aside the default, and the motion was granted. No judgment had been entered against Jensen at the time the trial court granted his motion to set aside the default.
Appellant contends that the order is appealable because appellee Jensen, in presenting his motion to the trial court, relied on the provisions of Fla.R.Civ.P. 1.540(b), and orders entered under that rule are appealable. Fla.R.App.P. 9.130(a)(5). A discussion of the applicability and effect of the various rules is required.
*288 A simple default (as opposed to a default judgment) may be set aside under Fla.R. Civ.P. 1.500(d), which says:
(d) Setting Aside Default. The court may set aside a default and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b).
On the other hand, Rule 1.540(b)[1] by its terms clearly applies to final judgments, decrees, orders or proceedings. Because Rule 1.540(b) is applicable only to final orders, it does not apply to an interlocutory order setting aside a simple default. This view is supported by the language of Rule 1.500(d) when it says: "... and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b)." This is so notwithstanding the fact that the grounds supporting a motion to set aside a default under Rule 1.500(d) are similar in nature to the grounds for relief under Rule 1.540(b).
We have alluded before to the non-appealability of the type of order involved here. Yates v. Roller Skating Rinks, Incorporated, 379 So.2d 1333 (Fla. 5th DCA 1980). Other district courts which have considered this issue have concluded also that an order setting aside a simple default is entered under Rule 1.500(d) and not under Rule 1.540(b), and is thus non-appealable. Broward Employment and Training Administration v. Community Partnership Program, Inc., 422 So.2d 1101 (Fla. 4th DCA 1982). The fact that appellee may have argued to the trial court that he was entitled to relief under Rule 1.540 would not make it so, and there is nothing in the order or in the transcript of proceedings to conclude that the trial court relied on that rule.
Because the appeal is taken from a non-appealable, non-final order, we have no jurisdiction.
The appeal is DISMISSED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] Rule 1.540(b):

"On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, decree, order or proceeding for the following reasons: ..."