GRIFFIN, Judge.
On October 5, 1986, Samuel Clymer, appellant’s codefendant, was involved in an automobile collision with Douglas Schuster, the appellee. Appellee filed suit for his injuries. Clymer was driving a 1976 pickup truck. According to the complaint the pickup was owned either by Clymer, who is not a party to this appeal, or the appellant.
Clymer answered the complaint claiming that he was “without knowledge” as to whether he or appellant owned the car on the date of the accident. Appellant did not timely file an answer to the complaint, and on July 7, 1987, appellee moved for a default to be entered against appellant. The clerk entered the default that same day. The record does not reveal that the clerk *413 notified appellant that a default had been entered against him. On September 28, 1987, appellant wrote a letter to counsel for appellee and responded to the allegation of ownership in the complaint by stating that he had sold the car to a third party two years earlier.
The following month, an attorney who claimed to act for appellant called counsel for appellee requesting a stipulation setting aside the default. Counsel for appel-lee refused. This attorney then disappeared from this case.
Appellant apparently again took things into his own hands, writing to appellee’s counsel on October 7, 1987, asking'whether a default had been “entered” against him and, if it had, how to have it “lifted”. Attached to this letter was a notarized statement by Clymer admitting ownership of the car on the date of the accident. Appellee’s counsel wrote back to appellant, saying that since an attorney for appellant had already contacted him, the rules of ethics precluded any discussions of the case with appellant directly.
Meanwhile, in a separate declaratory judgment action filed by Standard Guaranty Insurance to determine coverage for the accident, the parties to this case were joined as defendants. The Final Judgment in that case expressly found that Clymer owned the 1976 International Scout vehicle for more than 30 days prior to the accident. This judgment was issued on April 28, 1988.[1]
A non-jury trial in the present case was set for October 17, 1988. There is no transcript of the October 17 proceedings. Ap-pellee was awarded $50,000 in damages against both appellant and Clymer.
At this point, another attorney appeared to represent appellant. On November 2, 1988, this attorney filed a verified motion seeking to set aside the default and judgment, stating that appellant’s failure to answer was due to his reliance on his earlier transfer of the pickup and that he was present at the courthouse for the October 17, 1988 trial but was never called to testify. On November 2, 1988, the trial court vacated the October 17 trial proceedings because appellant “was entitled to appear at the trial and, through no fault of his own, he was not afforded that opportunity.” Trial was reset for December 19, 1988. On December 9, 1988, the trial court denied the motion to set aside the default. Trial was held on December 19, 1988. The final judgment, issued on September 11, 1989, 10 months later, found appellant and Clymer jointly and severally liable for $30,-000 in damages.
Appellant argues that, because he had a meritorious defense to the complaint and because the clerk failed to comply with Rule 1.500(c), the default entered against him should have been set aside. .Under Rule 1.500, the absence of gross negligence and presence of a meritorious defense are grounds for setting aside a default prior to final judgment. See Monte Campbell Crane Co., Inc. v. Hancock, 510 So.2d 1104, 1105 (Fla. 4th DCA 1987); Tieche v. Fla. Physicians Ins. Reciprocal, 431 So.2d 287 (Fla. 5th DCA 1983). Nevertheless, it is clear that appellant had sufficient knowledge of the default by early October 1987.
In a proper case, the clerk’s failure to comply with the requirements of Rule 1.500(c) may be material. See La Nacion Newspaper, Inc. v. Rivero, 478 So.2d 451 (Fla. 3d DCA 1985). Under the circumstances of this case, however, it appears that appellant’s motion to vacate the default filed prior to the trial of the case and prior to entry of the final judgment was denied because of lack of diligence amounting to gross negligence. The clerk’s failure to supply a copy of the default could have contributed no more than 3 months to the overall 16 month delay.
It is a hard thing to say to a litigant that he is liable for substantial damages where it appears without question that there was no basis for liability. However, the casebooks are full of defendants with meritorious defenses who were held liable because they sat on their rights and responsibilities. *414 By electing not to hire counsel and/or timely answer the false allegations of the complaint after he was served with process and by failing to use the available legal means to set aside the default for an inexcusable length of time, appellant chose the fate of which he now complains.
Appellant’s other points on appeal are without merit. Accordingly, we affirm.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.

. Appellant urges that this finding precluded entry of the default judgment; however, the default entered by the clerk predated this judgment.