SHEVIN, Judge.
We reverse the final default judgment. The trial court erred in denying Morales’s motion to set aside the default. “The law is well-settled that a default judgment may not be entered against a defendant on a complaint which wholly fails to state a cause of action against the said defendant.” Sunshine Sec. & Det. Agency v. Wells Fargo Armored Servs. Corp., 496 So.2d 246, 246 (Fla. 3d DCA 1986). See Becerra v. Equity Imports, Inc., 551 So.2d 486 (Fla. 3d DCA 1989). The complaint and exhibits upon which the default was entered demonstrate that Plaintiff, All Right Miami, Inc., was not the payee of the restitution order it sought to enforce against Morales. See Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 494 (Fla. 3d DCA 1994)(where exhibits contradict complaint allegations plain meaning of exhibits control), review denied, 659 So.2d 272 (Fla.1995). The subsequent assignment filed as an attachment to All Right’s motion for final default judgment was not part of its pleadings and does not support the clerk’s default. Therefore, the final default judgment cannot stand.
*199 Reversed and remanded for further proceedings.