787 So.2d 251 (2001)
David A. BRUNO, Appellant,
v.
A.E. HANDY & ASSOCIATES, INC., etc., Appellee.
No. 5D00-2384.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
Carol Swanson of Law Offices of Carol Swanson, Orlando, for Appellant.
Christopher C. Cathcart of Ossinsky & Cathcart, P.A., Winter Park, for Appellee.
PLEUS, J.
This case arose when Bruno filed an amended complaint and demand for a jury trial against A.E. Handy & Associates, Inc. for damages for wrongful discharge. Bruno alleged that A.E. Handy & Associates, Inc. wrongfully discharged him from his employment because he had reported to jury duty. During pretrial proceedings, the trial court entered an order allowing A.E. Handy & Associates, Inc.'s attorney to withdraw. In its order, the court stated: "A.E. HANDY & ASSOCIATES, INC., shall have 30 days from the date of this order to retain new counsel." The court later entered an order allowing A.E. Handy & Associates, Inc., 20 days in which to file an answer to Bruno's amended complaint. "DEFENDANT, A.E. HANDY & ASSOCIATES, INC., by undersigned President" filed an answer to Bruno's complaint. Bruno filed a motion for default judgment on the ground that Alfred E. Handy had personally answered the complaint as president of the corporation, which was alleged to be "a legal nullity." Although Bruno did not cite a rule, we conclude that Bruno filed his motion *252 for default judgment pursuant to Florida Rule of Civil Procedure 1.500(b) which provides as follows:
Rule 1.500. Defaults and Final Judgments Thereon
* * *
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of the court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.
[Emphasis supplied]. Following a hearing, the trial court entered an "Order-Default Judgment" against A.E. Handy & Associates, Inc. Although the order is captioned as a default judgment, in reality it was merely a "simple default" entered pursuant to rule 1.500(b), rather than a "default judgment." See Tieche v. Florida Physicians Ins. Reciprocal, 431 So.2d 287 (Fla. 5th DCA 1983). See also Moreno Const., Inc. v. Theys Const. Co., 722 So.2d 976 (Fla. 5th DCA 1999) (trial court properly entered initial default against corporation pursuant to rule 1.500(b) because responsive pleading was not timely filed). The interlocutory order contains no award of damages or other affirmative relief. A.E. Handy & Associates, Inc. thereafter filed a Motion to Set Aside Default, erroneously citing Florida Rule of Civil Procedure 1.540(b), asserting mistake. Rule 1.540(b) permits the trial court to relieve a party from a "final judgment, decree, order, or proceeding" on several grounds. However, the rule is applicable only to final orders and "does not apply to an interlocutory order setting aside a simple default." Tieche, 431 So.2d at 288. The trial court, however, appears to have correctly treated the motion as one seeking to set aside a default under Rule 1.500(d)[1] and entered the order granting the motion from which Bruno now seeks to appeal.
In this case, no final judgment[2] was entered. Rather, the trial court entered a simple default and then an order granting a motion to set aside the default. Thus, the court merely changed its mind with regard to its earlier entry of an interlocutory order. An order setting aside a simple default [whether by the clerk of the court or the judge pursuant to rule 1.500] is not appealable because it is a non-final interlocutory order. See Tieche, 431 So.2d at 288. See also Perry v. Sawyer, 454 So.2d 790 (Fla. 5th DCA 1984). The judicial labor is not at an end because there has been no final adjudication on the merits. The fact that a party later argues that he or she is entitled to relief from a simple default under rule 1.540(b) "would not make it so." Tieche, 431 So.2d at 288. See, e.g., Lindamood v. Office of the State Attorney, Ninth Judicial Circuit of Florida, 731 So.2d 829, 831 n. 2 (Fla. 5th DCA 1999) (court declined to elevate form over substance in case where motion was titled as a motion for temporary injunction but substance concerned temporary reinstatement under section 112.3187, Florida Statutes).
*253 Because Bruno is appealing a non-final interlocutory order, this Court lacks jurisdiction. Hence, the appeal is dismissed.
DISMISSED.
SHARP, W. and PALMER, JJ., concur.
NOTES
[1] Rule 1.500 Defaults and Final Judgments Thereon

* * *
(d) Setting aside Default. The court may set aside a default, and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with rule 1.540(b).
[2] "Final judgments after default may be entered by the court at any time." Fla. R. Civ. P. 1.500(e).