CONNER, J.
A default final judgment can be vacated more than one year after it is entered only in limited circumstances, such as when the judgment is void. Lois Rhodes obtained a default final judgment against the Appellees; however the trial court subsequently vacated it on grounds the judgment was void because the complaint failed to state a cause of action on all claims. We reverse, holding Rhodes’s civil theft claim stated a cause of action.

Factual Background

According to her complaint, Rhodes was referred to 0. Turner & Company, LLC (Turner LLC), for accounting and personal financial services to assist in paying off her debts. An employee of the firm, Byron Rainer, advised Rhodes to liquidate her individual retirement account (IRA) into an escrow account held by Turner LLC. Rainer prepared the paperwork to liquidate the IRA, adding language directing the brokerage company to rush the request and not contact Rhodes prior to disbursing the funds. The IRA funds were disbursed, causing Rhodes to incur not only early termination and withdrawal fees, but also income tax liability. Turner LLC also charged Rhodes $2425 for incorporation fees and legal documents. Rhodes alleged these penalties and fees were not explained to her. Rhodes also alleged Rainer is a convicted felon and Othel Turner, the president of Turner LLC, knew this when he hired Rainer.
The complaint further alleged that Rhodes hired an attorney who demanded an explanation of the fees charged to Rhodes as well as confirmation that Turner LLC was holding Rhodes’s funds. When no explanation or confirmation was received, Rhodes filed a police complaint. Othel Turner told the investigating officer that “Rhodes had a legally formed escrow account,” and that he would return Rhodes’s money within a week, but failed to do so. Rhodes’s attorney contacted the officer a week later to advise that he had heard nothing from Othel Turner. The officer advised she would visit Othel Turner again.
The next day, Rhodes’s counsel received a phone call from Othel Turner advising the money would be sent in a week. Two days later, an attorney representing Othel Turner sent an e-mail to Rhodes’s counsel indicating for the first time that money taken from the IRA was a purported loan from Rhodes to Turner LLC. In response, Rhodes sent civil theft demand letters to Turner LLC, Othel Turner, and Rainer, pursuant to section 772.11, Florida Statutes (2012).
When these demand letters went unanswered, Rhodes filed a complaint against Turner LLC, Othel Turner, and Rainer for civil theft, fraud, and breach of fiduciary duty. A default was entered against all three defendants after they failed to answer the complaint. In March 2011, Rhodes obtained a default judgment against all three defendants for $410,451.79, three times the amount taken from the IRA plus attorney’s fees and costs as provided by section 772.11(1). Othel Turner individually filed a motion to vacate the default judgment, more than a year after it was entered, arguing the complaint failed to state a cause of action. After a hearing, the trial court granted the motion, agreeing that all three counts of the complaint failed to state a cause of action and the default judgment was void.

Analysis

Rhodes contends that the trial court erred in determining the default *875 judgment should be vacated as void because her complaint did not state a cause of action. She argues that each of the three counts of her complaint states a cause of action. The standard of review of a trial court’s ruling on a motion to vacate is gross abuse of discretion. See Arsali v. Chase Home Fin., LLC, 79 So.3d 845, 849 n. 5 (Fla. 4th DCA 2012). Whether a complaint states a cause of action is an issue of law, reviewed de novo. Kreizinger v. Schlesinger, 925 So.2d 431, 432 (Fla. 4th DCA 2006).
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: ... (4) that the judgment or decree is void....” Fla. R. Civ. P. 1.540(b). Despite Rhodes’s arguments to the contrary, “[f]ailure to state a cause of action may be fatal to a complaint and render void a default final judgment based upon the complaint.” Neuteleers v. Patio Homeowners Ass’n, Inc., 114 So.3d 299, 301 (Fla. 4th DCA 2013) (citing Lee & Sakahara Assocs. AIA, Inc. v. Boykin Mgmt. Co., 678 So.2d 394, 396 (Fla. 4th DCA 1996)); Becerra v. Equity Imports, Inc., 551 So.2d 486, 488 (Fla. 3d DCA 1989) (“Failure to state a cause of action, unlike formal or technical deficiencies, is a fatal pleading deficiency not curable by a default judgment.”); Opti, Inc. v. Sales Eng’g Concepts, Inc., 701 So.2d 1234, 1235 (Fla. 4th DCA 1997) (complaint which failed to state a cause of action for any judicial relief other than to compel arbitration was a nullity for entering a monetary judgment, thus the default final judgment was reversed). Confining ourselves to the four corners of the complaint, we now examine whether the three counts of the complaint stated a cause of action supporting the default final judgment against Oth-el Turner.

Civil Theft

Under section 772.11(1), Florida Statutes (2012), a person who is injured by a violation of section 812.014(1) (theft) can recover three times the damages sustained, plus costs and attorney’s fees. “[T]o establish an action for civil theft, the claimant must prove the statutory elements of theft, as well as criminal intent.” Gersh v. Cofman, 769 So.2d 407, 409 (Fla. 4th DCA 2000). Under section 812.014(1), “[a] person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit from the property [or] (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.” “Obtains or uses” includes “[cjonduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception.” § 812.012(3)(d)l., Fla. Stat. (2010).
Othel Turner asserts that Rhodes pleaded legal conclusions and not ultimate facts to show that he personally committed theft against Rhodes. He also asserts that Rhodes failed to allege any facts to demonstrate criminal intent, citing Moynet v. Courtois, 8 So.3d 377 (Fla. 3d DCA 2009). We agree that in Moynet the Third District held that the plaintiff failed to state a cause of action for civil theft because there was no allegation of criminal intent on the defendant’s part. Id. at 380.
The complaint in this case alleges:
15. ... Officer Lyons met with Mr. [Othel] Turner on September 14, 2010, at which time Mr. Turner told the officer ... that he was willing to return the funds to Rhodes but that it would take *876 one week to liquidate them and that he would contact the undersigned [counsel for Rhodes] to make the arrangements to do so. One week later the undersigned contacted the officer and advised her that the undersigned had yet to hear from Defendant Turner, at which time she would visit him again. On September 22, 2010, Defendant Turner called the undersigned and told him that the monies would be returned to the Plaintiff [Rhodes], care of the undersigned’s trust account, within one week’s time....
16. On September 24, 2010, an attorney named [C.C.] sent an email to the undersigned indicating that he represented all three Defendants.... This was the first time that Defendants 0. Turner & Company, LLC, and Othel Turner had represented, in writing, that there was a purported loan by the Plaintiff [Rhodes] to Defendant O. Turner & Company, LLC. When the undersigned requested documents to substantiate this claimed loan, Defendant [Othel] Turner acknowledged no such document exist, [sic]
21. Pursuant to § 812.0145(2)(a), the Defendants have, with intent to deprive the Plaintiff of same, stolen assets valued in excess of $50,000.00 from the Plaintiff, and thus have committed felonies of the first degree.
22. Defendants, jointly and severally, through fraud and with intent to obtain the Plaintiffs money illegally, did in fact exploit the Plaintiff and obtain her funds through an act of theft giving rise to a civil remedy pursuant to § 772.11, Fla. Stat.
Although it is true that Rhodes does not use the words “criminal intent” in the complaint, we are satisfied the allegations in the complaint support a claim for civil theft. The complaint also sufficiently alleges Othel Turner’s personal involvement with the failure to return the funds he admitted to being escrow funds.
Having determined that Rhodes alleged facts to establish civil theft with the requisite criminal intent, we conclude the trial court erred in holding the civil theft count fails to state a cause of action.

Fraud

Rhodes argues that she pleaded all four elements of fraud with the specificity required by Florida Rule of Civil Procedure 1.120(b) (“the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit.”). “In order for a claim of fraud in the inducement to withstand a motion to dismiss, it must allege fraud with the requisite particularity required by Florida Rule of Civil Procedure 1.120(b), including who made the false statement, the substance of the false statement, the time frame in which it was made and the context in which the statement was made.” Eagletech Communs., Inc. v. Bryn Mawr Inv. Group, Inc., 79 So.3d 855, 861-62 (Fla. 4th DCA 2012) (quoting Bankers Mut. Capital Corp. v. U.S. Fid. & Guar. Co., 784 So.2d 485, 490 (Fla. 4th DCA 2001)).
The elements of fraud are: (1) a false statement concerning a specific material fact; (2) the maker’s knowledge that the representation is false; (3) an intention that the representation induces another’s reliance; and (4) consequent injury by the other party acting in reliance on the representation. Wadlington v. Cont’l Med. Servs., 907 So.2d 631, 632 (Fla. 4th DCA 2005).
We find that Rhodes’s complaint does not meet the standard set forth in Eagletech. The complaint makes a general allegation of fraud:
*877 The Defendants used deceit in making false representations to the Plaintiff that they would obtain her funds and either re-invest them in another annuity, after payment of various debts that she had outstanding, or turn said funds over to the Plaintiff.
This allegation does not state who made the false representations, when they were made, and the context in which they were made. Although Rhodes claims that these allegations are as specific as “the circumstances may permit,” because Rhodes was not privy to communications between the Appellees, she was certainly privy to conversations between herself and the Appel-lees regarding how they would use her funds. Therefore, we find the trial court did not err in holding the fraud claim failed to state a cause of action as to Othel Turner.

Breach of Fiditciary Duty

“The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiffs damages.” Gracey v. Eaker, 837 So.2d 348, 353 (Fla.2002) (citations omitted). Rhodes asserts that she pled all the elements of a breach of fiduciary duty claim by alleging that a fiduciary relationship existed by virtue of a contractual relationship between Rhodes and the Appellees, the Appellees misled Rhodes by telling her that they would assist her in debt consolidation while their intent was to steal Rhodes’s money, and the Appellees breached the fiduciary duty by actually obtaining Rhodes’s money.
Othel Turner argues these are all con-clusory allegations and no ultimate facts are alleged to support the assertion that he personally misled Rhodes. We agree. The complaint alleges the breach of duty as follows:
30. The Defendants misled the Plaintiff as to the quality and purpose of the engagement, by telling the Plaintiff that they were going to assist her in her debt consolidation when the intent of the Defendants was simply to obtain the Plaintiffs funds for their own purposes.
31. The Defendants, jointly and severally, breach[ed] their fiduciary duty owed to Plaintiff by obtaining her funds solely for their own benefit.
Although the first paragraph of the count “incorporates paragraphs 1 through 18 as if fully set forth herein,” there is nothing in the first eighteen paragraphs of the complaint which adequately pleads that Othel Turner was a participant in the initial misrepresentation “as to the quality and purpose of the engagement.” The conclusory allegation “[t]he Defendants misled the Plaintiff,” is insufficient to state a claim against Othel Turner for the breach of fiduciary duty as alleged. The complaint alleges a breach of duty surrounding the nature of the initial engagement, not a breach of duty as to Othel Turner’s involvement in failing to return, after demand, funds that he personally represented were held in escrow.

Conclusion

As Rhodes’s claim for civil theft states a cause of action, we hold it was a gross abuse of discretion for the trial court to vacate the default final judgment as to that claim on grounds the judgment was void. We remand for reinstatement of the final judgment as to the civil theft claim against Othel Turner. Our resolution of Rhodes’s appeal on this issue makes it unnecessary to address her waiver argument.

Reversed and remanded.

TAYLOR and MAY, JJ., concur.