ON MOTION FOR REHEARING GRANTED

LAGOA, J.
We grant Anamaria Santiago’s Motion for Rehearing, withdraw our prior opinion filed on March 20, 2013, and substitute the following in its place.
Mauna Loa Investments, LLC (“Mau-na”), appeals from a final judgment entered in favor of Anamaria Santiago (“Santiago”) after a default was entered against it and a jury trial conducted on damages. Because the complaint fails to state a claim upon which relief may be granted against Mauna, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
Santiago leased space for her business in a commercial warehouse property located at 9325 Okeechobee Road, Hialeah Gardens (the “property”). In February 2010, Santiago filed suit against Mauna, alleging that she was injured on July 2, 2008, when she tripped and fell on the property “due to the walkway surface being in an unsafe condition; specifically that the concrete walkway was allowed to be in a condition of disrepair wherein holes and uneven areas where [sic] created and caused the Plaintiff to lose her footing and fall.” Santiago alleged that Mauna owned, maintained and/or controlled the property on the date of her injury. The complaint was served on Mauna’s registered agent, Ma-wanphy Gil (“Gil”). Although Gil gave the complaint to Mauna’s attorney, Mauna’s attorney never filed an answer or response. Santiago filed a motion for entry of default on May 5, 2010, and the trial court entered a default against Mauna on May 13, 2010.
Mauna subsequently filed no fewer than five motions seeking to have the default set aside; we address only one — Mauna’s Amended Motion to Set Aside Default filed on November 11, 2011 (the “Amended Motion”). In the Amended Motion, Mau-na argued that the default should be set aside because on the date of Santiago’s injury Mauna did not own the property. Mauna asserted that on the date of the injury the property was actually owned by Iberia, NV, LLC (“Iberia”). In support of its argument, Mauna argued that in June of 2011, Santiago filed a lawsuit against Iberia (the “Iberia Complaint”) seeking damages for the same injury. Indeed, on September 20, 2011, the trial court consolidated the Iberia Case with the instant case. In the Iberia Complaint, Santiago alleged that:
11. At the time of the accident, IBERIA and MARMOL [1] were owners of the commercial property and they were responsible to maintain and control the commercial property located at 9325 Ok *522 eechobee Road, Hialeah Gardens, Florida.
12. At all times material hereto, IBERIA and MARMOL were responsible for the operation, maintenance and safety of the premises, and had a duty to maintain said premises in a safe condition.
[[Image here]]
41. On October 6, 2008 IBERIA conveyed the real property to MAUNA LOA by Special Warranty Deed recorded in Official Records Book 26610 at page 1133 of the public records of Miami-Dade County. (Attached as Exhibit “B”).
Mauna attached the Iberia Complaint to the Amended Motion. The Iberia Complaint, in turn, attached a special warranty deed showing the transfer of the property by Iberia to Mauna on October 6, 2008, three months after the date of Santiago’s injury. After a hearing, the trial court entered an order denying the Amended Motion.[2],[3]
The matter proceeded to a jury trial on Santiago’s damages. The trial court subsequently entered final judgment against Mauna in the amount of $1,077,390.48. Mauna filed several timely post-trial motions, including a motion to vacate the judgment as void because Mauna did not own or control the property on the date of Santiago’s injury and therefore it was a judgment against the incorrect party. The motion was denied. This appeal ensued.
II. ANALYSIS
“[T]he law is well-settled that a default judgment may not be entered against a defendant on a complaint which wholly fails to state a cause of action against the said defendant.” Sunshine Sec. & Detective Agency v. Wells Fargo Armored Servs. Corp., 496 So.2d 246, 246 (Fla. 3d DCA 1986); accord Moynet v. Courtois, 8 So.3d 377, 378-79 (Fla. 3d DCA 2009); Morales v. All Right Miami, Inc., 755 So.2d 198, 198 (Fla. 3d DCA 2000); Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490 (Fla. 3d DCA 1994); Becerra v. Equity Imports, Inc., 551 So.2d 486 (Fla. 3d DCA 1989). A default judgment must be set aside where the complaint fails to state a cause of action because “[fjailure to state a cause of action, unlike formal or technical deficiencies, is a fatal pleading deficiency not curable by a default judgment.” Becerra, 551 So.2d at 488. Moreover, “a motion to set aside a default judgment requires no allegations or showing of excusable neglect where the basis for the motion is that the allegations in the complaint do not entitle the plaintiff to relief,” id. at 488-89; the trial court has no discretion, but is obligated to vacate the default judgment. See Horton v. Rodriguez Espaillat Y Asociados, 926 So.2d 436, 437 (Fla. 3d DCA 2006).
At the time Mauna filed the Amended Motion, the trial court had before it the special warranty deed, which was attached to the consolidated Iberia Complaint. The special warranty deed established that Mauna did not own the *523 property on the date of Santiago’s injury. Santiago also admitted that Iberia owned, controlled and maintained the property at that time. These facts precluded a claim for relief against Mauna relating to the property based on the alleged injury on that date. As the record before the trial court established that Santiago failed to state a claim for relief against Mauna, the trial court had no discretion but to grant the Amended Motion and set aside the default as void.[4] Accordingly, because the final judgment was based upon the prior invalid default, the trial court erred in failing to grant Mauna’s motion to vacate the judgment as void. See Juan v. Fame Int’l Bay, Inc., 845 So.2d 338, 338 (Fla. 3d DCA 2003) (where final judgment was based upon invalid default, trial court erred in denying motion to set aside default and default final judgment); Morales v. All Right Miami, Inc., 755 So.2d 198, 198 (Fla. 3d DCA 2000) (reversing final default judgment where trial court erred in denying motion to set aside default).
For the reasons stated, we reverse the order denying Mauna’s motion to vacate the judgment as void, and remand with directions to vacate the default and the final judgment and to dismiss the complaint for failure to state a claim upon which relief may be granted.
Reversed and remanded with directions.

. Marmol was the son of the owner who passed away in February of 2008.

. Because the trial court’s order denied a motion to set aside a “simple default” on liability rather than a final default judgment, the order was a non-final, interlocutory ruling, which was not subject to appellate review until Mauna’s appeal from the final judgment. See Westwood One, Inc. v. Flight Express, Inc., 940 So.2d 1241 (Fla. 5th DCA 2006); Bruno v. A.E. Handy & Assocs., Inc., 787 So.2d 251 (Fla. 5th DCA 2001); Tieche v. Fla. Physicians Ins. Reciprocal, 431 So.2d 287 (Fla. 5th DCA 1983).

. We note that the Amended Motion was denied by a prior, now-retired judge, and not by the current trial judge.

. The fact that Santiago dismissed the Iberia Complaint pursuant to Florida Rule of Civil Procedure 1.420(a)(1) (2011) immediately pri- or to the hearing on Mauna's Amended Motion does not affect our analysis.