# Supreme Court of Florida

_____

No. SC13-2194
_____

**ANAMARIA SANTIAGO,**
Petitioner,

vs.

**MAUNA LOA INVESTMENTS, LLC,**
Respondent.

[March 17, 2016]

CANADY, J.

In this case, Petitioner Anamaria Santiago seeks review of the decision of the Third District Court of Appeal in Mauna Loa Investments, LLC v. Santiago, 122 So. 3d 520, 521 (Fla. 3d DCA 2013), a premises liability case. Petitioner correctly contends that the district court's decision expressly and directly conflicts with decisions of this Court and other district courts of appeal regarding the limitations on a court's review when determining whether a complaint states a cause of action. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. The district court held that Santiago's complaint failed to state a cause of action upon which relief may be granted and reversed. Mauna Loa Inv., 122 So. 3d at 521.

Because the district court improperly considered documents outside the complaint in determining the complaint's sufficiency to state a cause of action, we quash the Third District's decision.

## BACKGROUND

The relevant facts of this case are as follows:

> [Petitioner] Santiago leased space for her business in a commercial warehouse property located at 9325 Okeechobee Road, Hialeah Gardens (the "property"). In February 2010, Santiago filed suit against Mauna [Loa Investments, LLC], alleging that she was injured on July 2, 2008, when she tripped and fell on the property "due to the walkway surface being in an unsafe condition; specifically that the concrete walkway was allowed to be in a condition of disrepair wherein holes and uneven areas where [sic] created and caused the Plaintiff to lose her footing and fall." Santiago alleged that [at all times] Mauna owned, maintained and/or controlled the property on the date of her injury. The complaint was served on Mauna's registered agent, Mawanphy Gil ("Gil"). Although Gil gave the complaint to Mauna's attorney, Mauna's attorney never filed an answer or response. Santiago filed a motion for entry of default on May 5, 2010, and the trial court entered a default against Mauna on May 13, 2010.

Id. at 521. Mauna Loa Investments, LLC (Mauna) sought a number of times to vacate the default entered on Santiago's Mauna Complaint but was denied each time.

In June 2011, Santiago filed a complaint in a separate action against Iberia, NV, LLC, in which she sought damages for the same injury occurring on the same property. Santiago alleged three counts of negligence and a fourth count of fraudulent transfer of the property. The complaint (Iberia Complaint) asserted that

- 2 -

Iberia, and others, owned, maintained, and/or controlled the property at the time of the injury. The complaint acknowledged that ownership of the warehouse property was not conveyed to Mauna by special warranty deed until October 6, 2008, three months after Santiago's fall and injury and the three counts for negligence in the Iberia Complaint did not include Mauna. A copy of the warranty deed was attached to the complaint. Santiago's Iberia case was subsequently consolidated with Santiago's suit against Mauna in September 2011.

In November 2011, Mauna once again filed an amended motion to set aside the 2010 default on the Mauna Complaint. Mauna attached to its motion Santiago's Iberia Complaint with its attached special warranty deed. The set-aside motion alleged that Santiago's previously filed Mauna Complaint misrepresented that Mauna owned, maintained and/or controlled the warehouse property, and that the later filed Iberia Complaint thus constituted Santiago's admission that her prior allegations in the Mauna Complaint were false. Mauna contended that Santiago made knowing misrepresentations that provided Mauna with a meritorious defense and grounds for setting aside the default. Santiago subsequently voluntarily dismissed without prejudice the Iberia Complaint. Ultimately, the circuit court denied Mauna's motion and prohibited Mauna from filing further pleadings to vacate the default.

In January 2012, Mauna moved for summary judgment, alleging two bases: (1) that a default order is void when a default is entered on a premises liability claim based on a trip and fall for failing to maintain a walkway over which the corporation has no control; and (2) that Santiago's complaint incorrectly alleged her injuries resulted from a trip and fall. Mauna alleged the injuries actually resulted from a statue that Santiago was transporting falling on her in a common area outside her business. The new trial judge denied that motion and another of Mauna's motions to set aside the default judgment. The court also prohibited Mauna from filing further motions to vacate the default judgment. After a trial solely on damages, the jury found for Santiago. Accordingly, in June 2012, the trial court entered final judgment against Mauna for $1,099,874.48 and denied Mauna's remaining motions.

On appeal, the Third District Court of Appeal addressed the trial court's denial of Mauna's amended motion to set aside the default. In that motion, Mauna argued that it did not own, control, or maintain the property on the date of Santiago's injury. The argument relied on Santiago's voluntarily dismissed Iberia Complaint and the special warranty deed, both of which were attached to Mauna's motion to dismiss. On Santiago's motion for rehearing, the Third District explained its reversal of the circuit court's order on the ground that Santiago's Mauna Complaint failed to state a cause of action as follows:

- 4 -

At the time Mauna filed the Amended Motion, the trial court had before it the special warranty deed, which was attached to the consolidated Iberia Complaint. The special warranty deed established that Mauna did not own the property on the date of Santiago's injury. Santiago also admitted that Iberia owned, controlled and maintained the property at that time. These facts precluded a claim for relief against Mauna relating to the property based on the alleged injury on that date. As the record before the trial court established that Santiago failed to state a claim for relief against Mauna, the trial court had no discretion but to grant the Amended Motion and set aside the default as void. Accordingly, because the final judgment was based upon the prior invalid default, the trial court erred in failing to grant Mauna's motion to vacate the judgment as void.

For the reasons stated, we reverse the order denying Mauna's motion to vacate the judgment as void, and remand with directions to vacate the default and the final judgment and to dismiss the complaint for failure to state a claim upon which relief may be granted.

Mauna Loa Inv., 122 So. 3d at 522-23 (footnote and citations omitted).

## ANALYSIS

In the instant case, the Third District Court of Appeal reversed the judgment and vacated the default upon holding that Santiago's Mauna Complaint failed to state a cause of action. Id. at 523. As explained above, the district court reached this conclusion based on its consideration of the complaint in the Iberia case, which for a time was consolidated with the Mauna case. We granted review to resolve a conflict between the Third District's decision in this case and decisions from this Court and other district courts of appeal regarding the limitations on a court's review of the pleadings in determining the sufficiency of a complaint to state a cause of action. We resolve the conflict issue presented and reaffirm the

longstanding limitations on determining the sufficiency of a complaint. We have jurisdiction to address the conflict issue and any additional issues raised in light of our grant of review in this case. Cf. Fulton Cty. Adm'r v. Sullivan, 753 So. 2d 549, 553 at n.3 (Fla. 1999) ("Given our jurisdiction on the basis of the certified question, we have jurisdiction over all of the issues raised in this case."). We thus conclude that the district court erred in holding that the Mauna Complaint failed to state a cause of action. We also conclude that the trial court did not abuse its discretion in determining that Santiago failed to establish excusable neglect.

Before we turn to a discussion of these two issues, we also note that the district court erred in concluding that a judgment based on a complaint that fails to state a cause of action is void rather than voidable. See Bank of N. Y. Mellon v. Condo. Ass'n of La Mer Estates, Inc., 175 So. 3d 282, 285 (Fla. 2015).[1]

**Sufficiency to State a Cause of Action**

When a court determines the sufficiency of a complaint to state a cause of action, it applies the so-called "four corners rule" in the analysis. Under this rule, the court's review is limited to an examination solely of the complaint and its attachments. The conflict decisions in this case illustrate the application of this rule. In Pizzi v. Central Bank & Trust Co., 250 So. 2d 895 (Fla. 1971), we

---

1. The parties have raised various other issues that we decline to discuss.

- 6 -

examined a complaint de novo to determine whether it satisfied the requirements of Florida Rule of Civil Procedure 1.110 to state a cause of action. In our review, we applied the standard of "[w]hether, if the factual allegations of the complaint are established by proof or otherwise, the plaintiff will be legally or equitably entitled to the claimed relief against the defendant." Pizzi, 250 So. 2d at 896 (quoting Hankins v. Title & Trust Co., 169 So. 2d 526, 528 (Fla. 1st DCA 1964)). In making the determination, we " 'confine[d] [our review] strictly to the allegations within the four corners of the complaint.' " Id. at 897 (quoting Kest v. Nathanson, 216 So. 2d 233, 235 (Fla. 4th DCA 1968)); see McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A., 704 So. 2d 214, 215 (Fla. 2d DCA 1998) ("[I]n ruling on a motion to dismiss a complaint for failure to state a cause of action, the trial court must confine itself strictly to the allegations within the four corners of the complaint."). Because the court had not so limited its review in Pizzi, we quashed the district court's decision and remanded for further proceedings. 250 So. 2d at 897.

Similarly, in Rhodes v. O. Turner & Co., 117 So. 3d 872, 874 (Fla. 4th DCA 2013), receded from on other grounds in Condominium Ass'n of La Mer Estates, Inc. v. Bank of N. Y. Mellon Corp., 137 So. 3d 396 (Fla. 4th DCA 2014), Rhodes filed a complaint for civil theft, fraud, and breach of fiduciary duty, and a default was entered when the defendants did not answer. The trial court, however, vacated

the default judgment after finding the complaint did not state a cause of action.

Rhodes, 117 So. 3d at 874.  On appeal, the Fourth District Court examined "the four corners of the complaint" and found that the circuit court committed a gross abuse of discretion by incorrectly determining that one of the counts in the complaint failed to state a cause of action.  Id. at 877.  Accordingly, the district court reversed and remanded for reinstatement of the final judgment on that count.

Although the "four-corners rule" limits a court's review in determining the complaint's sufficiency, it does not limit it only to the body of the written complaint.  Rule 1.130(b), provides that "[a]ny exhibit attached to a pleading shall be considered a part thereof for all purposes."  See Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("When a party attaches exhibits to the complaint[,] those exhibits become part of the pleading[,] and the court will review those exhibits accordingly.").  In Paladin Properties v. Family Investment Enterp., 952 So. 2d 560, 563-64 (Fla. 2d DCA 2007), the district court explained as follows:

> It is true that exhibits attached to a complaint become part of the complaint and will be considered together with it.  It is also true that exhibits attached to a complaint control over the allegations of the complaint when the two contradict each other.  However, the alleged contradiction must be apparent from the face of the complaint and the exhibits.  Moreover, for exhibits to serve as a basis for dismissing a complaint for failure to state a cause of action, the exhibits must actually negate the cause of action—not simply raise possible defenses to it.

(Citations omitted.) Thus, review for the sufficiency of a complaint to state a cause of action is limited solely to the complaint at issue and its attachments.

In this case, the Iberia Complaint with its warranty deed attachment was in no wise a part of the Mauna Complaint. The two complaints were filed separately under different case numbers. They were, for a time, consolidated in the trial court, and apparently for this reason, the district court in review did not limit its determination of the sufficiency of the Mauna Complaint to state a cause of action solely to a review of that complaint. Instead, the district court at the same time examined the separate Iberia Complaint and its attached warranty deed and found the claims conflicted with the wholly separate Mauna Complaint. The district court concluded that Santiago admitted in the Iberia Complaint "that Iberia owned, controlled[,] and maintained the property at [the relevant] time," thus "preclud[ing] a claim for relief against Mauna [in the Mauna Complaint] relating to the property based on the alleged injury on that date." Mauna Loa Inv., 122 So. 3d at 523.

The district court's examination of one complaint and its attachments to determine the sufficiency of a separate complaint to state a cause of action clearly contravenes the longstanding four-corners rule explained above. And to the extent that the district court reached this conclusion based on the consolidation of the cases, the district court also improperly merged the Mauna and Iberia Complaints. "Consolidation does not merge suits into a single cause or change the rights of the

parties, or make those who are parties in one suit parties in another. Rather, each suit maintains its independent status with respect to the rights of the parties involved." Shores Supply Co. v. Aetna Cas. & Sur. Co., 524 So. 2d 722, 725 (Fla. 3d DCA 1988) (quoting Wagner v. Nova Univ., Inc., 397 So. 2d 375, 377 (Fla. 4th DCA 1981)). The separate complaints were no more than an instance of alternative pleading, a routine practice under the civil rules of procedure. See, e.g., Fla. R. Civ. P. 1.110(b) (providing that "[r]elief in the alternative or of several different types may be demanded"); Fla. R. Civ. P. 1.110(g) ("A pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has, and claims for relief may be stated in the alternative if separate items make up the cause or action, or if 2 or more causes of action are joined. . . . A party may also state as many separate claims or defenses as that party has, regardless of consistency[.]" (emphasis added)).

Moreover, as the district court acknowledged, Santiago dismissed the Iberia Complaint before the circuit court's hearing on Mauna's motion to dismiss the Mauna Complaint was held. Mauna Loa Inv., 122 So. 3d at 523 n.4 ("The fact that Santiago dismissed the Iberia Complaint pursuant to Florida Rule of Civil Procedure 1.420(a)(1) (2011) immediately prior to the hearing on Mauna's Amended Motion does not affect our analysis."). Thus, the district court determined the sufficiency of the Mauna Complaint by looking outside the four

- 10 -

corners of the complaint at issue to consider a separate complaint that was dismissed before the trial court ruled on the Mauna Complaint. See id.

Within the four corners of the Mauna Complaint, Santiago clearly stated a cause of action for premises liability against Mauna. And the well pleaded allegations of that complaint were admitted by Mauna's default. See Henry J. Trawick, Trawick's Florida Practice and Procedure. § 25:4 (2015-2016 ed.). Indeed, Mauna did not challenge the sufficiency of Santiago's complaint to state a cause of action in the trial court, and such an error must be preserved for appellate review. See Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."). Accordingly, the district court erred in addressing this issue.

**Setting Aside the Default**

In this case, the trial court denied Mauna's motion to set aside the default judgment entered against it when Mauna failed to respond to Petitioner Santiago's complaint. The district court's reversal of the trial court was predicated on the district court's determination that the complaint failed to state a cause of action, that the judgment based on the default was therefore void, and consequently that a showing of excusable neglect need not be made to justify setting aside the default.

- 11 -

For reasons that the foregoing analysis makes clear, this line of reasoning collapses. Santiago argues here that the trial court did not abuse its discretion by denying Mauna's motion to set aside the default and that the trial court's decision should be upheld. We agree.

A court has discretion to set aside a default judgment if the moving party demonstrates: (1) excusable neglect in failing timely to file a response; (2) a meritorious defense; and (3) due diligence in requesting relief after discovery of the default. See Fla. Dep't of Child. & Fam. Servs. v. P.E., 14 So. 3d 228, 236 (Fla. 2009); see also Philip J. Padovano, Florida Civil Practice § 9:4 (2015). Failure to satisfy any of the three elements results in denial of the motion to vacate. As we have explained, the district court failed to apply this standard when it reversed the trial court's order denying Mauna's motion to vacate.

The Mauna Complaint was filed on February 4, 2010, and served on Mauna's president—who was Mauna's registered agent—on February 17, 2010. Mauna's president promptly delivered the complaint to counsel and subsequently called his office regarding the motion and was assured by a secretary that the matter was being handled. Nevertheless, Mauna's attorney did not file a response, and Mauna's president never followed up to assure the filing was indeed made. Finally, on May 5, 2010, Santiago filed a motion for entry of a default, and the default was entered five days later.

The facts of the instant case are not unlike the situation in Abel, Tony and Aldo Creative Group, Inc. v. Friday Night Investors, Inc., ("Abel, Tony & Aldo") 419 So. 2d 1135 (Fla. 3d DCA 1982). There, the district court reversed an order vacating a default, stating that "[t]he affidavit of the defendant's president that he had referred the complaint to an attorney whom he 'thought' had responded was insufficient to demonstrate excusable neglect, particularly since the plaintiff subsequently gave notice, which was not responded to, of its intention to seek a default because no answer had been filed." Abel, Tony & Aldo, 419 So. 2d at 1135-36; see Scherer v. The Club, Inc., 328 So. 2d 532, 533 (Fla. 3d DCA 1976) ("[N]either an affidavit [n]or other proof appear in the record to show excusable neglect by an officer or agent of the defendant nor was it made to appear that the defendant had a meritorious defense."). Here, under similar circumstances, Mauna did not establish excusable neglect for failing timely to respond to the complaint. After one call to her attorney's office, the company's president took no further action to assure a timely response to the complaint was filed. Accordingly, the trial court did not abuse its discretion by entering a default.

### Conclusion

Having resolved the conflict regarding the scope of review in determining the sufficiency of a complaint to state a cause of action, we reaffirm our longstanding rule that the sufficiency of a complaint to state a cause of action must

be determined solely by examination of the complaint and its related attachments, if any. Here, the district court's scope of review erroneously included a separate complaint, which was outside the "four corners" scope. We also hold that because there was no showing of excusable neglect the trial court properly denied the motion to set aside the default. Accordingly, we quash the district court's decision in its entirety.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

Third District - Case No. 3D12-1825

(Miami-Dade County)

Gregory Alan Moore of Gregory A. Moore, P.A., Miami, Florida; Carlos Cruanes of the Law Offices of Carlos Cruanes, P.A., Miami, Florida; and Celene Harrell Humphries, Tracy Sue Carlin, and Sarah C. Pellenbarg of Brannock & Humphries, Tampa, Florida,

for Petitioner

Dorothy Frances Easley of Easley Appellate Practice, PLLC, Miami, Florida,

for Respondent