# Third District Court of Appeal
## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0289
Lower Tribunal No. 21-17367
_____


**Verijet, Inc.,**
Appellant,

vs.

**Vision Leasing 241, LLC,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Law Office of David Steinfeld, and David Steinfeld (Palm Beach Gardens), for appellant.

Berger Singerman LLP, and Anthony J. Carriuolo, for appellee.


Before GORDO, LOBREE and BOKOR, JJ.

BOKOR, J.

The trial court entered a default final judgment against Verijet, Inc., based on Verijet's failure to retain new counsel in the time provided by court order. Verijet didn't appeal the default final judgment or timely move for reconsideration, but it did file a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540 within a year of the final judgment. As explained herein, based on the record, Verijet demonstrated excusable neglect, presented a meritorious defense, and acted diligently in seeking to vacate the default final judgment. Accordingly, the motion for relief should have been granted and the default final judgment vacated to permit the case to proceed on the merits.

## BACKGROUND

Vision Leasing 241, LLC, sued Verijet for breach of contract in July 2021. Verijet responded by asserting affirmative defenses and counterclaims. On October 9, 2023, after a trial date had been set for January 2024, Verijet's counsel moved to withdraw. The trial court granted the motion on October 26, 2023, and directed Verijet to retain new counsel within ten days, noting that the court would construe any failure to timely comply with this requirement to "create a presumption that [Verijet] no longer wishes to participate in this lawsuit and the Court may . . . impose sanctions."

Verijet failed to respond or retain new counsel timely, and on November 8, 2023, Vision moved to strike Verijet's pleadings and for entry of a default final judgment. On November 15, 2023, based on Verijet's failure to timely retain new counsel, the trial court granted the motion, struck Verijet's pleadings, and entered a default final judgment for Vision in the amount of $2,915,391.90.

On December 3, 2023, Verijet obtained new counsel and moved to vacate the default, arguing excusable neglect pursuant to Rule 1.540(b)(1). Specifically, Verijet claimed that it was unaware of the withdrawal of its counsel due to disruptions caused by the abrupt resignation of its former CEO, Michael Marcotte, who was the only one at the company corresponding with its counsel, had been receiving case documents solely through his personal email, and was receiving correspondence at a now-closed branch office without arranging to have the mail forwarded. Verijet also filed an affidavit from its current CEO, Richard Kane, attesting to these circumstances and explaining how he moved to retain new counsel as quickly as possible after becoming aware of the default final judgment on November 21, 2023.

After a hearing, the trial court denied the motion to vacate, finding that Verijet's inaction was grossly negligent and rejecting Kane's affidavit as a basis for excusable neglect. Verijet now appeals.[1]

ANALYSIS

Leaving aside the reasonableness or propriety of the ten-day deadline to obtain new counsel or the entry of default final judgment thereon without an evidentiary hearing, we focus only on the motion to vacate pursuant to Rule 1.540.[2] Pursuant to Rule 1.540(b)(1), "[a] court has discretion to set aside a default judgment if the moving party demonstrates: (1) excusable neglect in failing timely to file a response; (2) a meritorious defense; and (3) due diligence in requesting relief after discovery of the default." Santiago v. Mauna Loa Invs., LLC, 189 So. 3d 752, 758 (Fla. 2016).

---

[1] Our review of a trial court's order on a motion to vacate a default is for abuse of discretion. See Miami-Dade County v. Coral Bay Section C Homeowners' Ass'n, Inc., 979 So. 2d 318, 320, 322 (Fla. 3d DCA 2008) (setting forth abuse of discretion standard, noting the lack of precise definition of excusable neglect, recognizing that "the facts of each case are of singular importance in determining whether relief should be granted," and providing the backdrop of Florida's longstanding policy of resolving cases on their merits).

[2] Verijet argues in its initial brief that the time to obtain new counsel was too short, and the default final judgment reflected an amount not apparent from the record. We take no position on such matters and do not consider such arguments in our decision because the final judgment wasn't timely appealed. What's on appeal is the denial of the motion to vacate the default final judgment.

> Excusable neglect is found where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir. In this vein, Florida Rule of Civil Procedure 1.540(b) envisions relief when a judgment is the result of an honest mistake made during the regular course of litigation, including those that result from oversight, neglect, or accident.

Zuchaer v. Peninsula Condo. Ass'n Inc., 348 So. 3d 1201, 1204 (Fla. 3d DCA 2022) (citations and quotations omitted). Accordingly, "clerical errors" and "failure to follow established procedures for handling documents" may constitute excusable neglect. See Coral Bay, 979 So. 2d at 320, 323–24 (reversing denial of motion to vacate dismissal where complaint was delivered to defendant's branch office instead of main office where service was usually effected, office staff were unaware that documents could be served at branch office, and staff failed to forward complaint to main office until after time to respond had lapsed); Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So. 2d 83, 83–84 (Fla. 3d DCA 1987) (reversing denial of motion to vacate default where defendant's failure to respond was due to complaint being "lost" among unrelated papers at general counsel's office). Here, Verijet's CEO, Richard Kane, attested that Verijet's failure to retain counsel within 10 days of the withdrawal order was due to the order having been sent to a closed branch office without the company's knowledge, because of actions (or inaction) by the former CEO, which also triggered

5

significant disruptions including the resignation of Verijet's entire board of directors.

Additionally, Verijet acted with due diligence in retaining counsel and moving to vacate the default within two weeks of learning of the default judgment from former counsel. In diligently seeking to vacate the default final judgment, Verijet properly asserted meritorious defenses to Vision's claims. The record provides no competent substantial evidence to support the trial court's finding that Verijet was grossly negligent in failing to timely retain counsel, nor did the court have any basis to reject the contents of Kane's affidavit as evidence of excusable neglect. We therefore reverse and remand with instructions to grant the motion to vacate the default final judgment for further proceedings as warranted.

Reversed and remanded.