# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-3044
_____

SUPER GREEN AIR CONTROL,
LLC, a/a/o KAREN ROSHELL,

    Appellant,

    v.

UNIVERSAL PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Appellee.

_____

On appeal from the County Court for Escambia County.
Ronald Scott Ritchie, Judge.


May 6, 2026


KELSEY, J.


Super Green Air Control (the Contractor), appeals a final order dismissing its action seeking payment for services rendered to an insured of Appellee, Universal Property and Casualty Insurance Company (the Insurer). The insured home sustained damage from Hurricane Sally, in September of 2020. The insured homeowner hired the Contractor to test for mold and, if found, clear the home. The insured executed an assignment of benefits (AOB) authorizing the Contractor to undertake the necessary work and bill it to the Insurer. The issue is whether the insured homeowner's AOB to the Contractor satisfied the governing requirements of section 627.7152, Florida Statutes (2022).

Our standard of review is de novo. *See Air Quality Experts Corp. v. Fam. Sec. Ins. Co.*, 351 So. 3d 32, 36 (Fla. 4th DCA 2022) (applying de novo review under comparable facts). At the motion-to-dismiss stage, our review includes both the four corners of the complaint and its attachments. *See Santiago v. Mauna Loa Inv., LLC*, 189 So. 3d 752, 756 (Fla. 2016). We find that the AOB satisfied the statute, and reverse and remand for further proceedings on the Contractor's claim.

Section 627.7152 requires an assignment agreement to "[b]e in writing and executed by and between the assignor and the assignee" and "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee." § 627.7152(2)(a)1.4., Fla. Stat. "An assignment agreement that does not comply with this subsection is invalid and unenforceable." § 627.7152(2)(d), Fla. Stat.

In the AOB before us, the insured acknowledged receipt of the Contractor's "written, per-unit cost estimate of the services to be performed," tracking the language of section 627.7152(2). A separate document dated the same date as the AOB and titled "Invoice" referenced the claim number the insurer had already designated for the homeowner's claims, and listed two charges. The first was titled "Protocol," described as "Environmental Testing: Limited visual observations, multi-location environmental sampling and report. If additional samples are required, they will be billed at $95 per each additional sample." This work was priced at $995. The second charge was titled "Clearance," and again described as "Environmental Testing: Limited visual observations, multi-location environmental sampling and report." This item was priced at $795, and the combined total invoiced was $1,790. The trial court accepted the Insurer's argument that this invoice was facially invalid under the statute in describing the contemplated work, but we disagree.

We construe the Contractor's invoice *in pari materia* with the related AOB contract of the same date. *See Kidwell Grp., LLC v. Safepoint Ins. Co.*, 376 So. 3d 48, 51–52 (Fla. 4th DCA 2023) (accepting contractor's comparable contract and approving use of two documents—a contract and an invoice—bearing the same

2

date, and incorporated together). Both the invoice and the AOB list the insured's individual name and residence, by street address; and both include the claim number the Insurer had already created. The AOB expressly references the invoice of the same date, and elaborates on the mold-related services needed due to water damage, which we find legally sufficient. *See id*. at 52 (holding that invoice satisfied the statute by describing the service to be provided and cost, and did not require separate execution).

The invoice also provides legally sufficient information. The first section, titled "Protocol," states what the Contractor will do, and the reference to "additional samples" provides further context and clarity: the Contractor will search, take samples, and test for problems in multiple areas of the home as needed. The second section, titled "Clearance," repeats the "environmental testing" language from the "Protocol" section, but is not fatally flawed in doing so as the Insurer mistakenly argues. In the context of the facts then known to the contracting parties and obvious from the context, it references the next step after any problems are identified: they will be "cleared." Finally, contrary to the Insurer's argument that the paperwork was flawed for failing to state the number of "units" subject to the proposed work, there is no evidence of multiple "units" at the insured's address—a fact that would be well-known to the Insurer—so there would be no reason to reference "per-unit" work in this case. *See MVP Plumbing, Inc. v. Citizens Prop. Ins. Corp.*, 359 So. 3d 885, 885 (Fla. 3d DCA 2023) (accepting as valid an assignment that, while not expressly mentioning number of units, clearly contemplated a single service).

The documents adequately complied with the statutory requirements. Perhaps two teams of lawyers poring over such documents in advance for their respective clients would write the contract/invoice differently, but that is not an appropriate standard for an ad-hoc repair agreement between a homeowner and a contractor, particularly where the homeowner does not allege the agreement is invalid. *See Well Done Mitigation, LLC v. Citizens Prop. Ins. Corp.*, 416 So. 3d 369–70 (Fla. 2d DCA 2025) (interpreting statute to protect contractor's "ability to receive fair compensation for its work pursuant to an otherwise valid assignment agreement"). We find that the documents satisfy the

statute, and therefore the Contractor is entitled to proceed with its claim on remand.

REVERSED.

OSTERHAUS, C.J., and ROBERTS, J., concur.

------------------------------

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

------------------------------

William Derek Mueller and Elliot Burt Kula of Kula & Associates, P.A., Miami; Amy E. Ruiz and Steven Jon Getman of Ruiz Getman Law, PLLC, Miami, for Appellant.

Kara Rockenbach Link and David Andrew Noel of Link & Rockenbach, P.A., West Palm Beach; Kristina Hatem Kamel of Farah & Farah, Middleburg, for Appellee.